COÖS.

</div>

---

<div align="center">

BROWN v. WHIPPLE.

</div>

A writing is no part of the memorandum required by the statute of frauds, unless it is signed by the party to be charged, or made, by annexation or reference, a part of a writing signed by him.

The memorandum is insufficient if it is merely a scintilla of circumstantial evidence tending to show the essentials of the contract. Upon a fair construction, its legal import must show the essentials, including contracting parties.

ASSUMPSIT, for not accepting lumber. Verdict for the plaintiff: motion of the defendant for a new trial. As evidence of the memorandum required by the statute of frauds, the plaintiff introduced, subject to exception, a letter written and signed by the defendant, a memorandum written by the defendant, and a letter written and signed by the plaintiff.

<div align="center">

*The Defendant's Letter.*

"LANCASTER, Dec. 21, 1867.

</div>

"J. B. BROWN, Esq.:

"DEAR SIR: Can you get 20 M. feet maple, the best quality, the coming winter, saw it in the spring (or winter), and deliver it at the depot at your place in July next? If so, for how much per M.? Please call at my place when you are at Lancaster, and we will talk it over, or *write me* all the particulars.

<div align="center">

"Respectfully yours,          J. M. WHIPPLE."

*The Defendant's Memorandum.*

</div>

"Rock maple, clear, for J. M. Whipple, 15,000 feet; 10,000 feet 2 inches thick; 5,000 feet 1¼ inches thick. To be delivered at the railroad track. Price, $20 per M."

*The Plaintiff's Letter.*

" May, 1868.

" JOHN M. WHIPPLE: The maple lumber which I agreed to get out for you is ready for delivery. Would like to have you call up and take the account of it, as I wish to draw it over to the railroad track.

" JAMES B. BROWN."

*Ray, Drew & Jordan,* for the defendant.

*J. H. Benton, Jr.,* for the plaintiff.

The letters between the parties, and the memorandum written by the defendant, taken together, contain all the essential parts of the bargain, the names of the parties, the thing sold, and the price to be paid. They show, with reasonable certainty, the substance of the contract, and are therefore a sufficient memorandum within the statute of frauds. The court, by putting themselves in the situation of the parties when the papers were written, can see from the papers who the parties were and what they agreed to do, which is all that the statute requires. *Atwood* v. *Cobb,* 16 Pick. 230. The statute presupposes a parol contract, and only requires some note or memorandum of it in writing. Hence, the contract and the note or memorandum being distinct things, the contract may be at one time, and the note or memorandum at another. The contract may be shown by parol, and the memorandum supplied by documents and letters written at various times, if they all appear to have relation to it, and if, coupled together, they contain, by statement or reference, all the essential parts of the bargain, signed by the party to be charged. *Allen* v. *Bennet,* 3 Taunt. 169; *De Beil* v. *Thomson,* 3 Beav. 469; *Ridgway* v. *Wharton,* 6 H. L. Cas. 238; *Saunderson* v. *Jackson,* 2 B. & P. 238; *Jackson* v. *Lowe,* 1 Bing. 9; *Barstow* v. *Gray,* 3 Gr. 409; *Williams* v. *Bacon,* 2 Gray 387; *Salmon Falls Mfg. Co.* v. *Goddard,* 14 How. 446; *Lerned* v. *Wannemacher,* 9 Allen 412; *Whitwell* v. *Wyer,* 11 Mass. 6; *Marsh* v. *Hyde,* 3 Gray 333; *Jacob* v. *Kirk,* 2 Moo. & Rob. 221; *Bailey* v. *Sweeting,* 9 C. B. (N. S.) 843; *Bateman* v. *Phillips,* 15 East 272.

The statute does not require the memorandum to be contained in *one* writing, or in writings which by their terms refer to each other. It is enough if the papers " can be sufficiently connected in sense." Smith's L. Cas., I, 375. Annexation of one paper to another does not allow them to be read together, unless they refer to the same subject-matter. Express reference of one paper to another does not so connect them that they can be read together, unless they refer to the same subject-matter. The fact that papers are made at the same time and between the same parties is of no consequence, unless they are a part of the same transaction, *i. e.,* refer to the same subject-matter. It is only this connection in sense, *i. e.,* reference to the same subject-matter, which ever allows two or more writings to be

read together ;—without this actual annexation, express reference, contemporaneous execution, either or all of them are of no consequence whatever. But if the writings, in the light of the circumstances under which they were made, appear on their face to refer to the same subject-matter, they can be read together, whether they are connected in any other way or not. And this is the rule under the statute as well as at common law, for the statute did not change the then existing rules of evidence, but only added to them another rule, *i. e.*, that the essential terms of certain classes of contracts should exist in writing, and be proved in no other way. The statute was not designed to prevent writings referring to the same subject-matter from being read together, but only to prevent the frauds and perjuries which might be expected to exist in mere verbal proof. The question, whether the different writings refer to the same subject-matter, has been the test uniformly applied by the courts in cases arising under the statute.

The proposal by Whipple to Brown, accepted by Brown when the parties met, was a sufficient memorandum, without having recourse to the memorandum afterwards made by Whipple, or to the letter of Brown. *Warner* v. *Willington*, 3 Drew. 532 ; *Smith* v. *Neale*, 2 C. B. (N. S.) 66 ; *Sanborn* v. *Flagler*, 9 Allen 474. It cannot be said after verdict that such letter was not intended as a memorandum of the contract. Whether it was so intended is a question of fact, which it is to be presumed was submitted to the jury under proper instructions.

Doe, C. J. When one document refers to another, the latter is, for the purpose of such reference, incorporated with the former. 1 Starkie Ev. 359 (p. 580 of 4th Eng. ed.) ; *Simons* v. *Steele*, 36 N. H. 73, 83 ; *Church* v. *Brown*, 21 N. Y. 315, 330–334. A list of taxes may, by annexation and reference, be made a part of a tax-collector's warrant. *Bailey* v. *Ackerman*, 54 N. H. 527. In *Tallman* v. *Franklin*, 14 N. Y. 584, it was held that a document was made a part of a memorandum by being fastened to it by a pin before the memorandum was signed, a blank column of the memorandum being headed "Terms of sale," and the annexed document having the same heading, and containing terms of sale.

In this case, the letter written by the plaintiff to the defendant is no part of the memorandum required by the statute of frauds, because it is neither signed by the defendant, nor made, by annexation or reference, a part of a writing signed by him. 2 Kent Com. 511 ; Benjamin on Sales, *ss.* 222–237 ; Blackburn on Sale 46–54 ; authorities cited in *Morton* v. *Dean*, 13 Met. 385, and in Browne on Statute of Frauds, *ss.* 346–348, 371–376 ; *Fitzmaurice* v. *Bayley*, 9 H. L. Cas. 78 ; *Skelton* v. *Cole*, 1 DeGex & J. 587.

If it was held, in *S. F. M. Co.* v. *Goddard*, 14 How. 446, and in *Lerned* v. *Wannemacher*, 9 Allen 412, that, by a writing signed by the plaintiff, not signed by the defendant (the party to be charged), and not made a part of a memorandum signed by the defendant, the

plaintiff may prove a fact which the statute requires to be proved by a memorandum signed by the defendant, those cases are in conflict with a mass of authority too great to be overthrown. The soundness of the contrary doctrine was, in the former case, demonstrated in the dissenting opinion of two judges, and was, in the latter case, substantially admitted.

In *Beckwith* v. *Talbot*, 95 U. S. 289, 292, it was a question of legal construction, whether the written agreement, signed by the plaintiff, was sufficiently identified and referred to by the defendant, in his letters, to make it a part of a memorandum signed by him. It was held that the general rule is, that collateral papers, adduced to supply the defect of signature of a written agreement, should on their face sufficiently demonstrate their reference to such agreement without the aid of parol proof. In what was said of an exception in cases where parol evidence leaves no ground for doubt, we do not concur. Unless the essential terms of the sale can be ascertained from the writing itself, or by reference in it to something else, the writing is not a compliance with the statute ; and if the agreement be thus defective, it cannot be supplied by parol proof, for that would at once introduce all the mischiefs which the statute was intended to prevent. *Williams* v. *Morris*, 95 U. S. 444, 456. A defective reference can no more be cured by parol than any other defective part of the memorandum.

The writing, called in this case the defendant's memorandum, is insufficient, because, if it is signed by the defendant, and if it shows that he bought lumber of some one, it does not show of whom he bought it. 'The defendant's letter of inquiry is insufficient, because it does not show that he bought or agreed to buy anything of anybody. If the necessary memorandum were described in the statute (Gen. St., *c.* 201, *s.* 14) as a scintilla of proof of the essentials of the bargain, and if the question were, whether, in fact, the plaintiff is the person with whom the defendant contracted, one question of law would be, whether the defendant's memorandum and letter (with or without other evidence) are competent for the consideration of a jury. But the question is, not whether there is an infinitesimal or other amount of circumstantial evidence from which a jury may find the fact not stated in the writings, but whether the court does find, upon a fair legal construction of the writings, that the fact is stated in them. Taken together, with all the meaning that is expressed, and all that can be implied, by the most strained construction, in favor of the plaintiff, the defendant's memorandum and letter state, that at some time the defendant agreed to buy of somebody 15,000 feet of clear rock maple boards of certain dimensions, to be delivered at the railroad track, at $20 a thousand ; and that, on the 21st day of December, 1867, the defendant inquired of the plaintiff, by letter, whether he could get, for the defendant, 20,000 feet of the best maple lumber, the coming winter, saw it in the winter or spring, and deliver it at the depot at the plaintiff's place the next July,—and at what price the plaintiff would do this. We do not think the legal import of this

statement is, that the plaintiff is the person with whom the defendant contracted.

A memorandum (consisting of one or more writings) may be read, like other documents, in the light of the circumstances in which it was written, for the explanation of its latent ambiguities, and the application of its terms to the persons and things sufficiently described in it.   But this rule does not admit parol evidence to supply an essential part of the contract, the omission of which is patent on the face of the memorandum.   And the inequitable operation of the statute is not to be avoided by a narrow construction of the law, or a liberal construction of the memorandum.   Arguments from inconvenience and injustice sometimes tend to show the law-makers' intention.   But there is reason to fear, that, in this country as well as in England, the favor with which some statutes, and the dislike with which others, have been regarded by courts, have enlarged the distinction between strict and loose construction, without reference to the legislative intent, and introduced a variable standard that exposes the province of the legislature to judicial invasion.

*Verdict set aside.*

FOSTER J., did not sit.