## DEARBORN v. SAWYER.

The release of an attachment is a good consideration for a promise.

Notice to a guarantor is unnecessary when the principal debtor is insolvent; also when the undertaking is absolute.

Evidence from a servant of a corporation of facts as to its business, communicated to him by another servant of the corporation, is, in a suit between third parties, hearsay, and inadmissible.

ASSUMPSIT, upon the promise of the defendant to indemnify the plaintiff against loss from the release of an attachment. Facts found by a referee.

October 7, 1876, the plaintiff having a claim against one Emerson, attached by trustee process his wages in the hands of the Concord Railroad. Emerson was then employed on the line of the M. & N. W. R. R., which was operated by the Concord Railroad. October 16, 1876, Sawyer wrote to the plaintiff representing that Emerson was in danger of losing his place through a rule of the road relating to trustee suits; that he had a large family dependent upon him for support; and added, "If you will sign the enclosed release [of the attachment], I will be responsible to you that you shall not lose anything by such release." The plaintiff executed the release as requested, and Sawyer, in consideration thereof, wrote across the face of his letter, and signed and delivered to the plaintiff, this agreement: "Received herein described release, and become responsible." October 21, 1876, Emerson filed a petition in bankruptcy, and subsequently obtained his discharge.

W., cashier of the C. R. R., testified that the amount of wages due Emerson at the date of the service of the trustee process was $58.46; that his time was kept by another employé of the road; that a statement of the time so kept was returned by the time-keeper to W., who made up the pay-roll from the information so furnished; and that he had no other knowledge of the amount due to Emerson. To this evidence the defendant excepted.

The witness was permitted to state, so far as he had personal knowledge, by whom and in what manner the M. & N. W. R. R. was operated, and stated, among other things, that the help on that road were paid by him as cashier of the C. R. R., and with the money of that road. To this evidence the defendant also excepted.

The referee found that the attachment of Emerson's wages was not shown to be and was not such a valid and legal attachment that the release of the same by the plaintiff would support a consideration for Sawyer's promise to become responsible to the plantiff for Emerson's debt; that Sawyer's guaranty was without consideration; and that no demand or notice was ever made by the plaintiff upon the defendant for the payment of the sum claimed, before suit was brought.

Both parties moved for judgment.

*Osgood* and *W. Little*, for the plaintiff.

*Mugridge*, for the defendant.

SMITH, J.   The defendant did not undertake to pay the debt of Emerson to Dearborn, but promised that the plaintiff should not lose anything by releasing his attachment.   If there were no funds attached in the hands of the Concord Railroad, then the plaintiff lost nothing by the release, for there were no funds to be released. The question then is, whether the Concord Railroad was indebted to Emerson, that is, whether Emerson was in the employ of the C. R. R. or of the M. & N. W. R. R.   The referee finds that the defendant's guaranty was without consideration.   By this we understand him to mean that there were no funds attached, because the legal effect of the defendant's undertaking was that he would pay whatever sum the plaintiff should release from attachment; and if there were any funds attached, the release would support a consideration to the amount of such funds.   *Wallace* v. *Holmes*, 2 N. H. 111; *Hackett* v. *Pickering*, 5 N. H. 19; *Haynes* v. *Thom*, 28 N. H. 386; *Robinson* v. *Gilman*, 43 H. H. 485, 492.   The referee has not found, in terms, that Emerson was in the employ of the M. & N. W. R. R.   But his finding, that there was no legal or valid attachment of Emerson's wages, can be put upon no other ground than a finding that he was in the service of that road.   The principal question litigated before the referee was, whether Emerson was in the service of the Concord or the North Weare road.   The defendant contended that he was employed by the latter road, and the referee's finding that he was so employed is in conflict with the facts he has reported; for it is found that the North Weare road is operated by the Concord, and that the help are paid by the cashier of the Concord road and with its money.   Upon this branch of the case the evidence of the cashier, W., was limited to what he personally knew, and there could be no exception to its admissibility.

But the testimony of W. as to the amount due Emerson at the time of the attachment was not derived from his personal knowledge, but from information furnished by a co-servant of the railroad, and, being only hearsay, was inadmissible.   In a suit by or against the corporation, the evidence might be admissible on behalf of the other party as an admission coming from its authorized agent.   But in a suit between third parties the evidence is hearsay.

Whether the undertaking of the defendant was an absolute, unqualified contract to indemnify, or a collateral undertaking, we need not inquire, for the necessity of demand and notice was obviated by the insolvency of Emerson.   *Beebe* v. *Dudley*, 26 N. H. 249; *Batchelder* v. *Wendell*, 36 N. H. 204; *March* v. *Putney*, 56 N. H. 34.

There must be a rehearing upon the question of damages, that is, whether the Concord Railroad owed Emerson, and if so, how much, at the time of the attachment.   If it shall be proved that

the road was indebted to him, the plaintiff will be entitled to judgment for the sum so found.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.