## WEBSTER *v.* CLARK.

A memorandum of an agreement to lease for ten years a lot of land, with
    buildings to be erected thereon by the owner, at an annual rent of six
    per cent. upon the cost, is not such a memorandum as the statute of

frauds requires of a contract, which provides, in addition, that the buildings to be erected shall be suitable for a carriage manufactory, two stories high, with frames, and brick walls four inches thick.

ASSUMPSIT, upon special counts, for the breach of a contract to lease to the plaintiff for ten years a lot of land, with buildings to be erected thereon by the defendant suitable for a carriage manufactory, at an annual rent of six per cent. upon the cost. The plaintiff introduced parol evidence of the contract alleged, and of an agreement that the buildings should be two stories high, with frames, and brick walls four inches thick. This is the same case as *Webster* v. *Blodgett*, 59 N. H. 120. The writ was amended by omitting the name of Blodgett as defendant; and the plaintiff offered as evidence of the alleged contract the following memorandum:

"$150.                             Manchester, Aug. 28, 1876.

"Received of Albert B. Webster the sum of one hundred and fifty dollars, in part payment of rent of a lot of land at the south end of Elm street, on the west side of the same, with the buildings thereon, to be erected by William C. Blodgett and Joseph B. Clark, as soon as possible. It is understood that said Webster is to have a lease of said premises from the time they are finished for ten years, paying 6 per cent. on the entire cost and all taxes assessed thereon. Lease to be given as soon as buildings are completed.                         Joseph B. Clark."

*Sulloway, Topliff & O'Connor* and *Briggs & Huse*, for the plaintiff.

The statute of frauds does not require great formality in the memorandum. The names of the parties and the essential terms of the agreement are sufficient. *Sherburne* v. *Shaw*, 1 N. H. 157; Browne Frauds (4th ed.) 428. Clark agreed to erect buildings of some description on the land in question, and in the absence of plans and specifications it is presumed to have been the intention of the parties that he should erect such buildings as he thought proper, and he cannot complain of this large discretion vested in himself.

*Morrison & Clark* and *Patten*, for the defendant.

BINGHAM, J. The memorandum required by the statute of frauds must contain all the essential terms of the contract, or a reference to something from which they can be ascertained. *Williams* v. *Morris*, 95 U. S. 444, 456; *Brown* v. *Whipple*, 58 N. H. 229, 232; Browne Frauds, s. 335. The writing signed by the defendant indicates an agreement to erect buildings of some kind; but it refers to no plans or specifications, nor does it show the use

to which they were to be adapted. The plaintiff claims that they were to be suitable for a carriage manufactory, two stories high, with frames, and brick walls four inches thick. Their adaptation to their purpose was essential. The plaintiff wanted them for the manufacture of carriages. They would be unfit for that purpose if arranged for convenient use as dwelling-houses. The plaintiff's evidence tended to show a verbal agreement as to the height of the buildings, the thickness and material of the walls, and the manner of construction. These conditions would determine the cost, and upon that depended the amount of the rent. They were essential parts of the contract, and cannot be proved by parol evidence.

It is urged that the memorandum shows an agreement by the defendant to construct buildings of some kind, and it is presumed that the parties intended he should erect such buildings as he thought proper. This is refuted by the plaintiff's allegations and evidence. They did not intend to bind him to accept a lease of any buildings the defendant chose to erect, for whatever purpose adapted, and pay an annual rent of six per cent. upon their cost however expensively constructed. If the defendant had undertaken to perform the contract as he understood it, the plaintiff might have refused to accept a lease on the ground that the buildings were not such as he understood were to be erected. This risk the defendant was not bound to assume. The statute was designed to avert such controversies by requiring written evidence.

*Judgment for the defendant.*

STANLEY, J., did not sit: the others concurred.