RAFFERTY *v.* LOUGEE *and* PERKINS.

The memorandum required by the statute of frauds of an agreement for the sale of land must be sufficient to identify the parties, land, and price, without resort to parol evidence.

An unsigned memorandum of an auctioneer, unconnected by annexation or reference with any writing duly authenticated by the signature of the party sought to be charged, or his duly authorized agent, is not a part of the memorandum required by the statute.

BILL IN EQUITY. The defendant Lougee owned a tract of woodland in Rochester, and verbally employed one McDaniel, an auctioneer, residing in Dover, to sell it for her at public auction. McDaniel duly advertised, and sold the land for $370. The defendant directed McDaniel to get out the auction bills for her. One of the bills was sent to her by McDaniel before the sale, and she expressed her entire satisfaction with it. The terms of sale were

10 per cent. cash, and the balance on delivery of the deed. The plaintiff was the purchaser, and on the day of the sale paid McDaniel the 10 per cent., and took a receipt as follows:

" Barrington, Nov. 8, 1883.
" Received of Charles Rafferty thirty-seven dollars to be allowed as part payment of the Howe lot this day sold to him, provided deed is taken according to the terms of the sale; otherwise to be forfeited to Susan Lougee.                    V. H. McDaniel."

McDaniel also made in a book kept by him a memorandum as follows: " 12 Oliver Place, off Essex street, Thursday, Nov. 8, 1883, at 10 o'clock A. M.   Sold the Howe (Lougee) lot to Charles Rafferty, for $370, 10 per cent. to be paid down, balance on taking the papers."

Lougee was informed of the sale on the same day, and said she was glad that the lot was sold, and would execute a deed thereof " week after next."   She verbally employed McDaniel to write the deed and send to her, which he did; but she refused to execute it, and on November 15 sold the land to the defendant Perkins for $400, who bought with full knowledge of the auction sale. The plaintiff duly demanded a deed, and tendered the purchase-money. The defendant Lougee has little, if any, attachable property.   The prayer of the bill is, that she be ordered to deed to the plaintiff, and that the deed to Perkins may be declared void.

The court dismissed the bill, and the plaintiff excepted.

*Dodge & Caverly*, for the plaintiff.   The position of the defendants rests entirely, it would appear, on the lack of authority in the auctioneer, McDaniel, to make a binding contract in behalf of Mrs. Lougee, the principal defendant, his authorization being verbal, and thus within the statute of frauds.

The plaintiff claims that the bills or notices of the sale fully satisfy the technical requirements of the statute.   McDaniel was thereby authorized by the defendant Lougee to dispose of the property—to bind her by the memorandum usual in case of such sales.

The notice of sale, with Mrs. Lougee's signature attached, had gone out to the world with her knowledge and consent, and by her procurement, holding out in express terms McDaniel as her agent for this particular purpose.   She had requested and authorized McDaniel to do this very act for her, and there is no room for quibbling that the notice was in print and her signature in print when she received, adopted, and ratified the notice.   Bro. St. Fr., *s.* 356.   " The only difference between an agency exercised in the presence and one executed in the absence of the principal is the evidence of the agent's authority.   The presence and superintendence of the principal are proof of his assent: other proof may be

necessary where he is absent." Bro. St. Fr., *s.* 10, citing *Wallace* v. *McCollough*, 1 Rich. Eq. 426.

*Shannon* and *Worcester & Gafney*, for the defendants.

CLARK, J. The plaintiff relies upon the notices of sale, the memorandum made by the auctioneer, and the receipt, as a compliance with the statute of frauds. The notices of sale purport to be signed by the defendant Mrs. Lougee, and by McDaniel as auctioneer; the memorandum is not signed by any one; and the receipt is signed by the auctioneer. These writings do not meet the requirements of the statute. No memorandum actually signed by Mrs. Lougee is produced. The printed notices of sale bearing her printed signature were procured and issued by the auctioneer acting under verbal instructions. He was not authorized by writing to sign any agreement or memorandum of a contract for the sale of the land for or in behalf of Mrs. Lougee. If the distribution and use of the notices with her knowledge and approval was an adoption of the printed signature equivalent to an actual signing (a point upon which we express no opinion), they do not contain the memorandum required by the statute, because they furnish no evidence of any contract for the sale of the land.

It is contended that the notices of the auction sale, purporting to be signed by Mrs. Lougee and issued by her direction, announcing McDaniel as auctioneer, conferred upon him the authority by writing requisite to act as her agent in signing the memorandum required by the statute. It is unnecessary to examine the soundness of this view, because, if the authority of the auctioneer to sign the memorandum is conceded, he failed to exercise it. The memorandum required by the statute must be signed by the party to be charged, or by his agent thereto authorized by writing. G. L., *c.* 220, *s.* 14; Bro. St. Fr., *s.* 355. It must show the essentials of the contract, including the contracting parties. *Brown* v. *Whipple*, 58 N. H. 2_9. It must be sufficient to identify the parties, land, and price, without resort to parol evidence. *Grafton* v. *Cummings*, 99 U. S. 100.

The notices of sale and the receipt for the money paid by the plaintiff are the only writings signed either by Mrs. Lougee or the auctioneer, and they contain no reference to any other writing. From these alone it is impossible to ascertain the terms of a contract for the sale of the land. The defect cannot be supplied by the entry in the auctioneer's book, because that is neither signed nor made by reference or annexation a part of any duly authenticated writing, and for this reason it cannot be treated as a part of the memorandum required by the statute. Bro. St. Fr., *s.* 346 *b ;* *O'Donnell* v. *Leeman*, 43 Me. 158; *Horton* v. *McCarty*, 53 Me. 394; *Brown* v. *Whipple*, 58 N. H. 229. An unsigned memorandum made by an auctioneer, unconnected by annexation or reference

with any writing duly authenticated by the signature of the party to be charged or his duly authorized agent, is not admissible in evidence as a part of the memorandum required by the statute of frauds.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.