Sullivan,  }
June, 1894. }

STOCKWELL v. WILLIAMS.

The delivery of a deed is not effectual unless the grantor parts with all control over it.

A writing which does not identify the parties, the premises, and the price agreed upon in a sale of land without resort to parol evidence, is not a sufficient memorandum under the statute of frauds.

WRIT OF ENTRY. Facts found by the court. January 12, 1893, the defendant executed a warranty deed to the plaintiff of the demanded premises and acknowledged it before John Mc-Crillis, with whom it was deposited under a verbal agreement between the parties that he should retain it in his possession until April 1, 1893, and on or after that day should deliver it to the plaintiff upon his paying to McCrillis for the defendant $1,189. The price of the land was $2,200, which was the consideration named in the deed, and the difference between $1,189 and $2,200 was represented by a mortgage on the premises which the plaintiff was to pay or assume. Insurance of the buildings was to be transferred to the plaintiff when the deed was delivered to him, and thereafter the defendant was to have the rooms she then occupied so long as the plaintiff owned the place, at a rental of $10 a month. The plaintiff claimed that at the time of the agreement he paid the defendant $11 on account of the purchase money. The defendant claimed that the $11 was a loan to her.

The defendant understood that she could rescind the agreement and recall the deed at any time before April 1; the plaintiff understood she could not. Before April 1, the defendant requested McCrillis to return the deed, and upon his refusal obtained an injunction forbidding him to deliver it to the plaintiff. April 1, the plaintiff tendered McCrillis $1,189, and demanded the deed. It was not delivered, and remains in the possession of McCrillis.

*Albert S. Wait* and *George R. Brown*, for the plaintiff.

*Ira Colby* and *Shepherd L. Bowers*, for the defendant.

WALLACE, J.  The deed was not intended by the parties to, and did not, take effect upon its execution as the present deed of the defendant to the plaintiff.  The facts, that the insurance was not transferred at that time but was to be transferred when the deed was to be delivered on or after April 1, and that before the delivery of the deed the defendant was not to pay rent for the room she occupied in the premises but was to pay rent after the deed was delivered, show conclusively that the parties themselves understood that the deed did not take effect upon its execution, and was not to do so until after its delivery.  The minds of the parties did not meet in an understanding that the defendant in delivering the deed to the depositary parted with the power of control over it.  On the contrary, the understanding and intention of the defendant was that it should still remain subject to her control and disposal, and that she could recall it at any time before April 1, if she saw fit.  Acting upon that understanding and before that date, she requested the depositary to return it to her.  The defendant not having parted with the control of the deed, and having recalled or attempted to recall it, there was no delivery and nothing passed by the deed.  The title still remains in the defendant, and the plaintiff is not entitled to maintain his writ of entry.  *Parker* v. *Dustin*, 22 N. H. 424; *Cook* v. *Brown*, 34 N. H. 460; *Doe* v. *Knight*, 5 B. & C. 671; 3 Wash. R. P. 301.

But the plaintiff claims even if the deed is inoperative, yet as a written memorandum it is evidence of an executory contract which he is entitled to have enforced.  The memorandum required by the statute of frauds in the sale of land must be sufficient to identify the parties, the land, and the price, without resort to parol evidence.  *Phelps* v. *Stillings*, 60 N. H. 505; *Rafferty* v. *Lougee*, 63 N. H. 54; Bro. Fr., s. 376.  Here the deed expresses the consideration of the contract to be $2,200, yet the plaintiff claims to have the deed delivered to him upon the payment of $1,189, and his proving by parol evidence that he paid a small portion of the consideration at the time the agreement was made, and that the balance of the price of the land is to be paid by his assuming or paying a mortgage upon the premises. The plaintiff, to be entitled to specific performance of the contract as shown by the deed treated as a memorandum, would be required to pay $2,200 to the defendant, instead of $1,189, and assuming or paying a mortgage held by a third person.

The deed does not contain the essential elements of the contract of sale, and the plaintiff is not entitled to supply the deficiency by parol evidence.

*Judgment for the defendant.*

CARPENTER, J., did not sit: the others concurred.