Coös, }
June, 1894. }

### McDONALD v. FERNALD.

A written promise by a contractor that the servants of a sub-contractor "shall have their pay in the spring, if they remain until spring and work for the interest of the operation," is sufficient to satisfy the statute of frauds.

Such language expresses a contract of guaranty, upon which the promisor is liable without a demand for payment of the employer, or notice of his default.

If an offer made on Sunday be accepted on Monday, the contract is not invalid under P. S., c. 271, s. 3.

ASSUMPSIT, for labor. The facts in this and seven other actions against the defendant involving the same questions were found by a referee. In September, 1890, the defendant took a job to haul timber from certain lots in Success. He sublet a part of the job to B. R. Condon, by whom the plaintiffs were employed, at a stipulated price per month. They and others, fearing they would not be paid for their work, threatened to leave. To prevent their leaving, Condon's foreman, on Sunday, December 28, 1890, procured from the defendant a writing of that date, as follows: "This is to certify that I, O. W. Fernald, will see that all men such as are now at work for B. R. Condon

(sub-contractor) shall have their pay in the spring, if they remain until spring and work for the interest of the operation. O. W. Fernald." The writing was shown to the plaintiffs in the evening of the same day, but they did not definitely accept the proposition. On the following day they went to work with the view of accepting the proposition, and relying upon it as a guaranty that they would be paid for their labor. They continued to work until spring, and worked for the interest of the operation. The defendant knew of their work. They never released Condon from his obligation to them as their employer, and never demanded their pay of him.

*Twitchell & Libby*, for the plaintiffs.

*Daley, Goss & Niles*, for the defendant.

CHASE, J. The memorandum signed by the defendant was sufficient to answer the requirements of the statute of frauds, P. S., c. 215, s. 2. Reading it in the light of the circumstances attending the making of it (*Brown* v. *Whipple*, 58 N. H. 229, 233), it appears that the plaintiffs were the other parties to the agreement therein proposed, and that the sums to be paid thereunder would be ascertainable by computation. In these respects the agreement resembles the one considered in *Wills* v. *Cutler*, 61 N. H. 405. Although it was unnecessary (*Britton* v. *Angier*, 48 N. H. 420; *Lang* v. *Henry*, 54 N. H. 57, 59), the consideration for the defendant's promise was stated in the memorandum, namely, the promise of the men to remain until spring and work for the interest of the operation. This was a sufficient consideration. *Wills* v. *Cutler, supra; White* v. *Woodward*, 5 M. G. & S. 810. The defendant's promise was that he would see that the men should "have their pay in the spring," not that only which was subsequently earned, but "their pay,"—all that would then be due to them, whenever earned. The language used aptly expresses a contract of guaranty, and leaves no uncertainty as to its scope. The promise was unconditional. It did not require the plaintiffs to demand payment of Condon, and, failing to get it, to notify the defendant before he would become liable to pay them. *Dearborn* v. *Sawyer*, 59 N. H. 95; *Bank of Newbury* v. *Sinclair*, 60 N. H. 100.

The defendant's promise was not affected by the statute (P. S., c. 271, s. 3) prohibiting the doing of business of one's secular calling on Sunday. The proposition made by the defendant was not accepted by the plaintiffs until Monday, when they went to work. Until that time it was a mere proposition. Then, being accepted, it became a contract. The fact that the negotia-

tion begun on Sunday did not render the contract invalid. *Stackpole* v. *Symonds*, 23 N. H. 229; *Merrill* v. *Downs*, 41 N. H. 72; *Provenchee* v. *Piper*, *ante*, p. 31.

*Case discharged.*

All concurred.