Sullivan, ¿
June, 1897. ¿

## HOWLAND v. CURRIER.

Where the vendor of a certificate of stock guarantees its payment, the prom-
isee is not bound to exhaust his remedy against the corporation before
bringing suit upon the guaranty.

In an action upon such guaranty, evidence as to the present value of the
certificate is immaterial.

If the promisee, acting in good faith and without unnecessary publicity,
deposit such certificate with a bank for collection, the cashier's knowledge
so obtained will not release the guarantor, under a condition that the guar-
anty should be void if the promisee let or caused it to be known.

ASSUMPSIT, upon a guaranty. Trial by jury and verdict for
the plaintiff.

March 15, 1892, the defendant, as agent of a loan and build-
ing company in Minnesota, sold and delivered to the plaintiff
the company's certificate for twenty shares of stock ($2,000),
payable to the plaintiff or the legal holder of the certificate, in
ten years, with interest according to the coupons attached
thereto, upon their presentation and surrender at the company's
office. There was the further provision that it should be
redeemed at its face value with accrued interest, at any time
after three years from date, provided sixty days' notice in writ-
ing of the holder's desire to have it so paid should be given at
the home office of the company; and if default in the payment
of interest should be made and continued for sixty days, the
principal should become due at once. As part consideration for
the purchase, the defendant agreed with the plaintiff in writing
upon the back of the certificate, as follows: "I, the undersigned,
David M. Currier, do hereby guarantee to the within men-
tioned Walter F. Howland the principal and coupons of the
within bond; providing if the said Walter F. Howland should
let or cause this guarantee to be known to any one, then this
guarantee shall be null and void and of no effect,— also provid-
ing if the said Howland should refuse to sell the within bond to
the said Currier at any time for its full face value, with accrued
interest, then the same shall be null and void and of no effect.
David M. Currier."

The plaintiff requested payment by a notice in writing,
received at the home office of the company, January 9, 1897,
but the request was not complied with. Default in the payment
of interest was made, January 15, 1897. A short time prior to
March 18, 1897, the plaintiff delivered the certificate to a na-
tional bank for collection, and so the cashier of the bank learned

of the defendant's guaranty. The plaintiff has not sued the loan and building company.

The following rulings were made, subject to the defendant's exception: (1) A motion for a nonsuit, on the ground that the plaintiff must exhaust his legal remedies against the company before he can recover of the defendant, was denied; (2) the defendant was not allowed to testify as to the present value of the certificate, nor (3) that knowledge of the guaranty got abroad; and (4) the jury were instructed that if the plaintiff acted in good faith and without unnecessary publicity in depositing the certificate for collection through the bank, the cashier's knowledge of the guaranty so obtained would not relieve or release the defendant.

*Albert S. Wait* and *Hosea W. Parker*, for the plaintiff.

*Frank M. Beckford* and *Ira Colby*, for the defendant.

PIKE, J. The plaintiff was not bound to exhaust his legal remedy against the company before bringing suit against the defendant. He was only bound to take such steps as were necessary to establish their default. *Bank* v. *Sinclair*, 60 N. H. 100, 106–109; *McDonald* v. *Fernald*, 68 N. H. 171. Such default was established when, after the principal became payable, the company failed to redeem on presentment of the certificate through the bank.

The present value of the certificate was immaterial, and testimony regarding it was properly excluded.

As the guaranty was written upon the certificate, it would necessarily become known to any one having possession of the certificate. The defence relied upon apparently was that, in view of this fact, the delivery of the certificate to the bank for collection rendered the guaranty void. It was not alleged that the plaintiff let or caused the guaranty to be known in any other way, nor that the bank unnecessarily spread the information. Such being the course of the trial, if testimony that knowledge of the guaranty was abroad was competent, its exclusion was harmless error under the circumstances.

In order that the company might redeem the certificate, it was necessary that it should be presented at their home office in Minnesota. No provision was made as to how it should be transmitted for presentment, and in the absence thereof it must be assumed that the parties understood it was to be by one of the ways usually adopted for such a purpose. Such a way appears to have been employed by the plaintiff, for it is a matter of common knowledge that securities payable at a distant place are usually collected through the medium of banks. The in-

struction that " if the plaintiff acted in good faith and without unnecessary publicity in depositing the certificate for collection through the bank, the cashier's knowledge of the guaranty so obtained would not relieve or release the defendant," was correct.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.