## CHELLIS & a. v. GRIMES & a.

A written contract which provides that one party thereto, in consideration of a conveyance of certain real estate by the other, is to erect houses upon lots of land to be selected by the latter from an unplotted tract, and which contains no stipulation for a future survey of the land and the designation or location of the parcels thereof, does not express the consideration for the agreed conveyance with sufficient definiteness to satisfy the requirements of the statute of frauds.

ASSUMPSIT, for breach of contract. At the May term, 1903, of the superior court the defendants' demurrer to the declaration was sustained by *Wallace*, C. J., and the plaintiffs excepted.

The declaration sets out an agreement dated November 21, 1901, signed by the parties, by which the plaintiffs agreed with

the defendants to "build for them five houses . . . on lots which Grimes is to pick out of any of those on the tract of land which Chellis and Newman have recently purchased of one Fisher. . . . Said lots to be four rods wide and six rods deep. In return for which, said Grimes and wife are to deed to them their homestead . . . and give them a bill of sale" of certain personal property. It also provided that possession of the homestead was "to be given on May first next, providing Chellis and Newman have one of the five houses ready to occupy. All of the houses to be completed by July first next." It is alleged that "at the time of the execution of said agreement, the land referred to as recently purchased from one Fisher, from which the lots were to be selected, was not then plotted. Subsequently a highway was laid through the same and the land was plotted into thirty lots four by six rods, which plot has not been recorded. And the said plaintiffs further aver that in the execution of said contract on their part they, on or about the first day of January, 1902, requested the said defendants and each of them to select the five lots on which they, the said plaintiffs, should erect said houses, but the defendants refused to make any selection of lots, and thereupon the plaintiffs selected for that purpose five lots on said tract of land purchased from said Fisher by them, each of said lots being four rods wide and six rods deep." It is further alleged that the plaintiffs proceeded to build the five houses on the lots selected, completing one of them on May 1, 1902; and all of them on July 1, 1902; that May 1, 1902, they demanded of the defendants the possession of their homestead, and September 5, 1902, they tendered the defendants a warranty deed of the five houses and lots, and demanded a conveyance from the defendants of their homestead; but the defendants declined to accept the deed of the lots or to execute a deed of their homestead.

*Burt Chellis*, for the plaintiffs.

*Ira Colby & Son* and *Hosea W. Parker*, for the defendants.

WALKER, J. The statute of frauds (P. S., c. 215, s. 1) provides that "no action shall be maintained upon a contract for the sale of land unless the agreement upon which it is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereto authorized by writing." In this case the defendants signed a writing agreeing to convey their homestead and certain personal property to the plaintiffs, in consideration of the plaintiffs' agreement to build five houses for them on lots of land which "Grimes is to pick out of

any of those" on a certain tract of land owned by the plaintiffs. It seems to be well settled in this state that the consideration of the undertaking of "the party to be charged," upon an executory contract, must be stated in the memorandum with some degree of definiteness. *Underwood* v. *Campbell*, 14 N. H. 393; *Phelps* v. *Stillings*, 60 N. H. 505. The memorandum "must be sufficient to identify the parties, land, and price, without resort to parol evidence." *Rafferty* v. *Lougee*, 63 N. H. 54, 56; *Sherburne* v. *Shaw*, 1 N. H. 157; *Wain* v. *Warlters*, 5 East 10. "Unless the essential terms of the sale can be ascertained from the writing itself, or by reference in it to something else, the writing is not a compliance with the statute; and if the agreement be thus defective, it cannot be supplied by parol proof, for that would at once introduce all the mischiefs which the statute was intended to prevent." *Brown* v. *Whipple*, 58 N. H. 229, 232.

The plaintiffs' declaration discloses the fact that the land from which the defendants were to select five lots had not been lotted at the time the written agreement was made; the defendants could not at that time exercise their right of selection, because it does not appear that they could make the allotment; and until it was made, the land they were to purchase was indefinite. If the promise to convey the five lots to be selected by the defendants after a subsequent allotment by the plaintiffs would be valid, as a consideration for the defendants' promise to convey their homestead to the plaintiffs,—if that was the actual contract, as claimed by the plaintiffs,—it is plain that the memorandum is so indefinite as to leave a substantial part of the agreement to be supplied by parol evidence. It cannot be inferred from the writing that the right to make a subsequent allotment, and to practically locate the five lots of the specified dimensions in an undesirable part of the tract of land, was to be reserved and exercised by the plaintiffs. If by reason of the indefiniteness of the consideration, as stated in the writing, parol evidence of that character were admissible, the statute would be a very inefficient means of preventing frauds and perjuries. The written evidence of the contract which the statute requires does not support the plaintiffs' contention. In the view most favorable to them, their agreement was to convey certain lots of land which were to be of specified dimensions; the location of the land was not made definite by reference to other documents, nor was it possible for the defendants to locate the land which should coincide with the five lots which might be included in the plaintiffs' subsequent plan of lots. The description in the memorandum, which might have been sufficiently exact if there had been an allotment to which the description could refer, is wholly vague and indefinite in the absence of such allotment. As the

agreement contains no stipulation in regard to a future survey of the land and the designation and location of lots thereon, it does not express with sufficient clearness the intention of the parties or the consideration for the defendants' promise.

*Exception overruled.*

All concurred.