Strafford, }
March 7, 1911. }

### MAISCH & a. v. COBB & a.

A contract for services not to be performed within a year is not taken out of the statute of frauds by a memorandum which states nothing further than the pecuniary consideration; and parol evidence is not admissible to supply the essential parts of the agreement which are omitted from the writing.

ASSUMPSIT, to recover under a special contract for services not to be performed within a year. Trial by the court. Transferred from the September term, 1910, of the superior court by *Pike*, J., on the plaintiffs' exception to an order of nonsuit.

The plaintiffs, Charles and Margaret A. Maisch, had been negotiating with the defendants for employment for the term of one year, and the defendants' agent sent Charles the following telegram: "They will give you and your wife twelve hundred. Let Mack know. John Kinney." The plaintiffs understood that this related to the employment they had talked about, accepted the offer the next day, and entered upon the work about two weeks later. The defendants failed to employ the plaintiffs for a year, and this suit was brought to recover the damages caused by such failure. ·

· *Pierce & Galloway* and *Curtis Metzer* (of Massachusetts), for the plaintiffs.

*Kivel & Hughes*, for the defendants.

PEASLEE, J.   It will not be necessary to consider whether a memorandum worded and signed as this one is will bind the principal.   Conceding for the purposes of the case that it may be treated as a writing duly executed on behalf of the defendants, the question presented is whether it sufficiently states the terms of the contract. That it does not do so is plain both upon reason and authority.   It does not purport to state anything beyond the consideration offered. What the "twelve hundred" is to be given for is neither stated nor even suggested.   This defect cannot be supplied by oral evidence. "A memorandum (consisting of one or more writings) may be read, like other documents, in the light of the circumstances in which it was written, for the explanation of its latent ambiguities and the application of its terms to the persons and things sufficiently described in it.   But this rule does not admit parol evidence to supply an essential part of the contract, the omission of which is patent on the face of the memorandum."   *Brown* v. *Whipple*, 58 N. H., 229, 233.

The plaintiffs rely upon *McDonald* v. *Fernald*, 68 N. H. 171, where the promisees were described in the memorandum as "all men such as are now at work for B. R. Condon."   There the issue to be proved by oral testimony was whether the plaintiff was one of the persons described in the memorandum.   *Usher* v. *Daniels*, 73 N. H. 206, 209.   It is not different in principle from a case where the plaintiff testifies that he is John Brown of Dover, to show that he is the person who was so described in the memorandum.   It is merely an application of the writing.   In the present case the plaintiff seeks to prove the subject-matter of the contract wholly by oral testimony.   There is nothing to interpret or apply.   The memorandum does not contain "all the essential terms of the contract, or a reference to something from which they can be ascertained," and therefore fails to satisfy the requirements of the statute.   *Webster* v. *Clark*, 60 N. H. 36; *Chellis* v. *Grimes*, 72 N. H. 337.

*Exception   overruled.*

All concurred.