Merrimack, }
June 28, 1912. }

## CARPENTER  *v.*  TINGLOF & *a.*

A receipt for money paid by the vendee is insufficient to take an oral contract for
the sale of land out of the statute of frauds if it fails to state the consideration
for the purchase, unless it appears that the consideration has been paid and the
writing contains an acknowledgment of its receipt in full.

In an action to specifically enforce an oral agreement to convey land, on the
ground of partial performance, it is incumbent upon the plaintiff to establish
the contract under which he claims and show such acts on his part in reliance
thereon that non-performance of the agreement will operate as a fraud upon
him.

An oral contract for the conveyance of real estate is not assignable.

WRIT OF ENTRY, to recover possession of real estate.   In answer
to the suit, the defendant Tinglof filed a bill in equity asking for
the specific performance of a contract to convey the demanded
premises.   John Hultman was allowed to become a party defendant.
Trial by the court.   Facts found, and case transferred from the
October term, 1911, of the superior court, by *Pike,* J.   The trial was
on the bill, with the understanding that if the defendants should
not prevail therein judgment was to be entered for the plaintiff on
the writ of entry.

The premises consist of two tracts of land near the Webster's
Mills station, one situated in Chichester and the other across the
river in Pittsfield.   The Suncook river falls as it flows over the
premises and makes a water-power of material value.   Years ago
a dam ran across the river from one tract to the other.   This water-
power has not been utilized for many years, but as early as 1903
the plaintiff reckoned it as a valuable asset.   On the tract in Chi-
chester were a house and barn, the latter being somewhat dilapi-
dated.   Surrounding the buildings was land which, down to a way,
had been used by the tenants in connection with the occupancy of
the buildings.   For a few years prior to September 1, 1906, Hultman
had occupied the buildings and the land immediately surrounding
them as a tenant.   On this date he had a talk with the plaintiff,
resulting in an oral agreement that the plaintiff would sell to him
the premises at Webster's Mills which he had occupied as tenant
for $600, of which $50 was to be paid within one month and $50
on April 1, 1907.   Hultman was also to pay the insurance and taxes

for the years 1905 and 1906, and for the lumber that was on the place. There was due for insurance on the place $7.50.

About the time of this agreement Tinglof became interested with Hultman in the premises, and by an agreement between themselves Tinglof was to finance the purchase and become interested in the premises as owner. He at once moved into the buildings and has occupied them ever since. When Hultman made his first payment of $50, he took a receipt from the plaintiff, as follows: "Chichester, N. H., October 1, 1906. Received of John Hultman fifty dollars in part payment of Holmes place at Webster's Mills." The court ruled that this receipt did not constitute a memorandum sufficiently definite to take the contract out of the statute of frauds.

The possession that Tinglof had was by an arrangement with Hultman and not by reason of any agreement with Carpenter. After the agreement, Hultman did not occupy the premises in person, and Tinglof's actual occupancy was limited to the buildings and the small tract of land around them. It did not appear that he exercised acts of ownership as to any other part of the premises claimed. During his occupancy Tinglof made improvements at an expense of about $75. They consisted of putting some stones under the sills of the barn so that the door would shut, putting two bolts through the shed so that it would not collapse, blocking up the posts of the house, painting a room, and patching the plastering. The court found that these improvements were not substantial or valuable, and that the refusal of Carpenter to convey did not operate as a fraud on Hultman, with whom the contract was made, nor with Tinglof, and ruled that the case was not taken out of the statute of frauds by said possession and improvements. Carpenter and Hultman did not understand that the subject of the sale included the two tracts of land referred to, but only the buildings with the small tract immediately surrounding them, down to the way. The court further found that the defendants did not perform their part of the contract, that the tender they made in July, 1910, did not include the taxes of 1905 or any interest, that a reasonable time had elapsed for the making of all the payments required when the writ of entry was brought on August 16, 1909, and that no sufficient excuse was shown for their failure in this regard.

The defendants made the following requests for rulings, which were denied subject to their exception: (1) That the receipt of October 1, 1906, is a sufficient memorandum to satisfy the statute

of frauds. (2) That the defendants' acts of performance take the case out of the statute of frauds.

*Foster & Lake*, for the plaintiff.

*Elwin L. Page*, for the defendants.

BINGHAM, J. The memorandum of October 1, 1906, does not answer the requirements of the statute of frauds. It fails to state the consideration for the purchase. Such a statement is necessary (*Phelps* v. *Stillings*, 60 N. H. 505; *Stockwell* v. *Williams*, 68 N. H. 75; *Chellis* v. *Grimes*, 72 N. H. 337), except when the consideration has been paid and the writing contains an acknowledgment that payment has been made in full. *Andersen* v. *Young*, 74 N. H. 428, 431, 432. Being deficient in the particular mentioned, it is unnecessary to consider whether the writing is also faulty as to the description of the property. *Weed* v. *Woods*, 71 N. H. 581; *White* v. *Poole*, 74 N. H. 71, 73.

Notwithstanding the contract was oral, is the case withdrawn from the operation of the statute of frauds so that the defendants or either of them are entitled to equitable relief because of the possession taken and improvements made upon the property?

It appears that the plaintiff's contract for the sale of the land was with Hultman, that Hultman never entered into the possession of the property under the contract, that he did not pay the purchase price, and that he made no improvements upon the property, valuable or otherwise. Such circumstances do not entitle him to a decree for the specific performance of the contract. In order to entitle a party to a decree for the conveyance of land, upon the ground of a partial performance of a verbal contract, he must not only establish the contract under which he claims, but also such a partial performance of the contract, relying upon its fulfilment, that the non-performance thereof by the other party will be a fraud upon him. *White* v. *Poole*, 74 N. H. 71, 73, and cases there cited.

The improvements were made by Tinglof, but they are found not to have been substantial or valuable. His possession of the property was pursuant to an arrangement with Hultman and not by reason of any agreement with the plaintiff. The contract of sale was not made with him and was not assignable. *Abbott* v. *Baldwin*, 61 N. H. 583; *Howe* v. *Batchelder*, 49 N. H. 204. He is clearly not entitled to the relief asked.

Furthermore, the trial court has found that the terms of the con-

tract of sale have never been performed by the defendants, that the tender made in 1910 was inadequate and made too late, that a reasonable time within which payments could have been made had elapsed in 1909 when the plaintiff brought his writ of entry, that no sufficient excuse for not making them was shown, and that equity did not require that any of the property should be conveyed to the defendants or either of them. In view of these findings it is difficult to see why the case is here. The order is, defendants' exceptions overruled.

*Judgment for the plaintiff.*

All concurred.