Hillsborough, Jan. 6, 1948. } No. 3695.

FLORENCE HUOT & a. v. OMER JANELLE.

*Maurice A. Broderick* (by brief and orally), for the plaintiffs.

*Chretien & Craig* (*Mr. James A. Manning* orally), for the defendant.

*McLane, Davis, Carleton & Graf* filed a brief *amicus curiae*.

KENISON, J. The issue in this case is whether there is a sufficient memorandum to satisfy the statute of frauds. "No action shall be maintained upon a contract for the sale of land unless the agreement upon which it is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereto authorized by writing." R. L., *c.* 383, *s.* 1.

If the memorandum is sufficient as to contents and signature, any writing, formal or informal, will suffice. Restatement, Contracts *s.* 207. It may be a letter or letters (*Neelson* v. *Sanborne*, 2 N. H. 413; *Hickey* v. *Dole*, 66 N. H. 336), a receipt (*Kidder* v. *Flanders*, 73 N. H. 345; *Gilbert* v. *Tremblay*, 79 N. H. 431), a telegram (*Tarbell* v. *Grimes*, 84 N. H. 219), an advertisement (*Laforme* v. *Bradley*, 77 N. H. 128), a municipal record (*Curtis* v. *Portsmouth*, 67 N. H. 506), a deed defective in form (*Andersen* v. *Young*, 74 N. H. 428) or any other similar writing or communication. In short the controlling factor is the substance of what the memorandum states rather than the form in which it appears. *Therrien* v. *Therrien*, 94 N. H. 66.

The writing of March 26th was signed "by the party to be charged," the defendant vendor. It contained an adequate description of the property (*Packard* v. *Putnam*, 57 N. H. 43; *Gilbert* v. *Tremblay*, *supra*) as well as the net "selling price." By itself, however, it was defective since it did not state or identify the purchaser. 70 A. L. R. 196. "It is necessary, therefore, that the memorandum state the name of both parties to the bargain." 2 Williston (Rev. *ed.*) Contracts *s.* 569.

The receipt of March 25th signed by the real estate agent by itself was also insufficient to satisfy the statute of frauds since the agent's authority to sign the memorandum must be in writing. *Rafferty* v. *Lougee*, 63 N. H. 54. However it is no defense to a bill for specific performance that the agreement is contained in several writings where they may all be fairly construed as constituting one document. *Hickey* v. *Dole, supra; Dunlap* v. *Foss*, 82 N. H. 449. "Although it is generally stated that the signed paper must refer explicitly to the unsigned paper, which is sought to be incorporated in it, the courts have in many cases held sufficient a reference to the subject-matter of

the unsigned paper or to the transaction of which both papers are a part." 85 A. L. R. 1184, 1195. While there is a decided conflict of authority on the point and some criticism of the above view (Williston, Contracts, *supra*, ss. 582, 583), there is considerable support from this and neighboring jurisdictions allowing the incorporation of separate documents "by necessary implication" (*Simons* v. *Steele*, 36 N. H. 73, 82, 83) or by a clear reference to the same transaction. *Beckwith* v. *Talbot*, 95 U. S. 289; *Bresky* v. *Rosenberg*, 256 Mass. 66; *Knobel* v. *Cortell-Markson Co.*, 122 Me. 511. See *Green* v. *McCormack*, 83 N. H. 509.

The writing signed by the defendant, "I . . . agree to sell my house at 488-490 Bartlett Street . . . and I accept the sum of $25.00 as deposit" sufficiently refers to the unsigned receipt of March 25th, " . . . twenty-five dollars for deposit on house at 488-490 Bartlett Street . . . " to indicate clearly their connection with each other. While the defendant did not see the receipt given to the plaintiffs by the real estate agent, the defendant concedes that the writing he signed related to the purchase of his house by the plaintiff. This was a clear and sufficient adoption of the receipt by the defendant. *Beckwith* v. *Talbot, supra*. Since the receipt stated the names of the purchasers, both writings taken together stated the substance of the contract for sale within the meaning of the statute of frauds. The statute requires that the writings which constitute the memorandum state only its essential terms (*Green* v. *McCormack, supra*, 513) but they need not be " . . . expressed in the writing with the greatest technical accuracy." *Gilbert* v. *Tremblay*, 79 N. H. 431, 432.

The court's decree in favor of the plaintiff was warranted by the evidence and is supported by cases in this and other jurisdictions. *Ochs* v. *Weil*, 142 F. (2d) 758; 1944 Annual Survey of American Law 607, 608.

Since there is pending a motion to amend the bill in equity to an action at law for damages, the order will be

*Exceptions overruled.*

Johnston, J., concurred in the result: the others concurred.