Nashua District Court,
No. 5912.

### ROMEO L. BRIAND AND JEAN L. BRIAND

*v.*

### NORMAN R. WILD AND LOIS T. WILD.

July 20, 1970.

*Harkaway, Barry & Gall* ( *Mr. Joseph F. Gall* orally ), for the plaintiffs.

*Hamblett, Kerrigan & Hamblett* and *H. Philip Howorth* ( *Mr. Howorth* orally ), for the defendants.

KENISON, C.J. Action at law in the Nashua District Court with one count in assumpsit for the alleged breach of a contract for the purchase of a tract of land and a second count in case for the alleged dishonor of a check for $400 given as partial payment of the purchase price of the land. Defendants denied the plaintiffs' allegations and specially pleaded the Statute of Frauds. RSA 506 : 1.

The case was heard by *McLaughlin* ( Special Justice ). At the close of the plaintiffs' case, the defendants moved for dismissal on the grounds that no contract had been proved, that the alleged contract was unenforceable by reason of the Statute of Frauds, and that the plaintiffs had not proved they had been damaged. This motion was denied. After the conclusion of all the evidence, both sides presented requests for findings of fact and rulings of law. The court made no special findings or rulings but rendered a verdict for the plaintiffs in the amount of $400 plus $7.90 in costs. Defendants filed exceptions to the trial court's failure to dismiss the action and to grant their requests for findings and rulings. All questions raised by the foregoing exceptions were reserved and transferred.

This action arose out of discussions held by the defendants with plaintiff Romeo Briand regarding the purchase of a certain lot of land for $5,750.00. On March 31, 1965 Mrs. Wild sent the plaintiff a letter "[ C ]onfirming our telephone conversation of yesterday, I am enclosing herewith my check in the amount of $400.00 ( dated May 1st as suggested by you ) to cover . . . Lot #33. " The letter also asked for an option on the lot next to the lot which the defendants were buying. The check and the accompanying letter were the only writings in the case and neither writing contains any statement of 'the price for which the land was to be sold. Apparently all the details had not been worked out for Mrs. Wild also wrote, " Right now, I expect that Norman will return from Hawaii sometime between the 15th and 20th of April, and at that time he will contact you to arrange for the balance of payment on Lot #33. " Following this, but prior to May 1, 1965, the defendants declined to purchase the lot and stopped payment on the check.

Defendants contend that the alleged contract is unenforceable

because the writings do not satisfy the requirements of the Statute of Frauds. RSA 506:1. From earliest times to the present the writing or "memorandum" to satisfy the statute could be in any form provided the substance contained the essentials of an agreement. *Huot* v. *Janelle*, 95 N.H. 10, 12, 56 A.2d 639. "But this 'memorandum,' however untechnical, must contain the essentials of the contract, or it ceases to be a 'memorandum' of those parts of the agreement, which, above all others, the statute must have intended, the parties should reduce to writing." *Sherburne* v. *Shaw*, 1 N.H. 157, 159. That this old case does not represent fossilized law see Restatement, Second, Contracts *s.* 207, comment *h* ( Tent. Draft No. 4, 1968 ): "A memorandum of a contract for the sale of land for an agreed price is not sufficient unless it discloses the price." An essential of any such agreement is the price and if it is neither stated nor determinable from the "memorandum," as in this case, the Statute of Frauds bars recovery. *Carpenter* v. *Tinglof*, 76 N.H. 454, 456, 84 A. 51; *Rafferty* v. *Lougee*, 63 N.H. 54; Annot., 23 A.L.R.2d 164, 172, 186; 2 Corbin, Contracts *s.* 501, at 705-06.

A payee of a negotiable instrument may be a holder in due course, ( RSA 382-A:3-302( 2 ) ), if he meets the requirements of RSA 382-A:3-302( 1 ). The negotiability of a check is not necessarily affected by the fact that it is postdated. RSA 382-A:3-114 ( 1 ),-304( 4 )( a ). But a purchaser of a postdated instrument who knows at the time of his purchase of an asserted defense or of facts or circumstances which may create a defense, is precluded from being a holder in due course. *National Currency Exchange, Inc.* v. *Perkins*, 52 Ill. App. 2d 215, 201 N.E.2d 668.

The plaintiff Romeo Briand the payee of the check, had notice that the check was postdated and that the sale might not be completed when defendant Norman Wild returned if the terms of payment could not be worked out. The plaintiff as payee does not qualify as a holder in due course for he is charged with notice of the claim of the defendants to the $400 if the sale were not completed. RSA 382-A:3-302. Plaintiff took the check subject to "all defenses" the defendants have "available in an action on a simple contract" and "the defenses of want or failure of consideration, [and] non-performance of any condition precedent." RSA 382-A:3-306. The plaintiffs are not entitled to a judgment for $400 in the suit on the check.

In issues to court cases tried by a superior court judge, RSA

491:15 provides that he ". . . shall, if either party request it, give his decision in writing, stating the facts found and his rulings of law, which shall be filed and recorded." As pointed out in *Tilton* v. *Sharpe,* 84 N.H. 393, 395-96, 151 A. 452: "The finding of the facts which was formerly discretionary with the court was made mandatory by the statute when seasonably requested. The design of the statutory procedure was to provide a simple and expeditious method of presenting to the law court the questions of law arising on the facts proven, as distinguished from the evidence." Obviously the statute is applicable by its terms only to the superior court and does not control district and municipal courts. This points up an area in litigation in the courts of the first instance that needs attention and improvement. In the ordinary situation in district and municipal courts there is no stenographer and no district court rules relating to these matters which have been formally promulgated or used. The number of district courts that have exclusive jurisdiction by statute is steadily increasing. In many cases where the district court has exclusive jurisdiction an appeal cannot be meaningful without written findings, where necessary and proper, to determine on what basis the verdict below was rendered. RSA 502-A:14 (supp.), 17-a.

*Defendants' exceptions sustained; judgment for the defendants.*

All concurred.