# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2022-0745, <u>Weston J. Stow v. Michelle Shea</u>, the court on March 1, 2024, issued the following order:

The court has reviewed the written arguments and the record submitted by the plaintiff on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Weston Stow, appeals an order of the Trial Court (<u>Bornstein</u>, J.) that denied his request for findings of fact and rulings of law after the court dismissed his complaint which alleged, <u>inter alia</u>, violations of State Prison policy and the Right-to-Know Law. We affirm.

The record before us contains the following information. On September 7, 2022, the plaintiff, an inmate at the State Prison-Berlin, filed an inmate request form that stated: "pursuant to RSA 91-A please provide me your first name. Thank you." When he did not receive a response, he filed with the assistant administrator of logistics a document that he captioned "formal complaint" that requested that the defendant answer his September 7 request. On September 28, 2022, the assistant administrator responded: "I can answer that it's Michelle Shea."

Citing the period required for a response, the plaintiff filed a complaint in the superior court seeking a jury trial based on, <u>inter alia</u>, violations of prison policy and the Right-to-Know Law. He alleged that because of a "verbally degrading and assaultive incident" which Shea had "deliberately initiated" in June 2022, the delay in waiting for the response to his September 7 inquiry caused him injury, including stress.

After assuming that the allegations in the complaint were true and construing all reasonable inferences in the light most favorable to the plaintiff, the trial court ruled that the facts pled did not constitute a basis for legal relief and dismissed the complaint. <u>See</u> RSA 623-B:3, II (2001). The trial court subsequently denied the plaintiff's motions for reconsideration and requests for findings of facts and rulings of law.

The plaintiff then filed this appeal and identified the following question for appellate review:

> Did the Trial Court (J. Bornstein) commit an unsustainable abuse
> of discretion when he failed to make specific requested finding[s] of

facts and supportive law on both motions in violation of RSA 491:15?

RSA 491:15 (2010) provides:

> The court or justice trying causes under RSA 491:13 and 491:14 shall, if either party requests it, give his decision in writing, stating the facts found and his rulings of law, which shall be filed and recorded.

In this case, the plaintiff's complaint was dismissed before his case was tried, and the trial court identified the statutory basis for its order of dismissal, after assuming that the allegations in the complaint were true. Based upon our review of the brief, the relevant law and the record submitted on appeal, we affirm the trial court's order. See, e.g., Briand v. Wild, 110 N.H. 373, 376 (1970) (purpose of RSA 491:15 is to present to appellate court "the questions of law arising on the facts proven, as distinguished from the evidence").

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**