## EZEKIEL WEBSTER *versus* SIMEON ATKINSON.

No parol evidence of an expressed intention nor of the acts of the parties can be admitted to explain a patent ambiguity in a deed.

But in some cases to aid in giving a construction to an instrument parol evidence is admissible to show the situation and circumstances of any person or thing to which the instrument relates.

When a grant of the third part of a tract of land is made without any limitation of the same third in severalty, the grantor and grantee will hold their parts in common.

It is not necessary however, in order to convey a part in severalty, that the limitation should be in express terms; but it may be collected by implication from the language used.

The construction of a deed must be made upon the entire instrument and be such that the whole deed and every part of it may take effect and one part must be construed by another so that all the parts may agree.

THIS was a writ of entry in which the demandant counted upon his own seizin of part of lot No. 26, in Boscawen and upon a disseizin by the tenant.

The tenant as to two undivided third parts of the demanded premises disclaimed all title, and as to the other undivided third he pleaded the general issue, which was joined by the demandant.

The cause was tried here at August term, 1826, when the demandant gave in evidence a deed made by the tenant in the year 1807 and conveying to Silas Atkinson, under whom the demandant claimed, a tract of land described as follows : "A certain tract of land in Boscawen, being part of the eighty acre lot laid out to the original right of Joseph Gerrish, bounded as follows, viz : on the north east by the corner of the wall at the road back of the house, thence westerly to two twin oaks spotted and marked, the one S. and the other A. thence to the road, meaning to convey two thirds of the land south of the line aforesaid, being part of lot No. 26, being the same more or less with the buildings thereon." It was admitted that when the said deed was made, the grantor was seized of the whole of lot No. 26.

It appeared that the land demanded was about two thirds of the whole lot in severalty, being the northerly part thereof, and that the line described in the deed as running from the corner of the wall westerly to two twin oaks, and the north line of lot No. 26, were not the same, as the lots were originally laid out ; but said line described in the deed was the reputed dividing line between the two lots, the lot No. 26 and the lot lying north of it.

The only question between the parties was whether two thirds of the land in severalty passed by the deed, or two undivided thirds.   The demandant gave in evidence certain declarations and acts of the tenant, which tended to shew that the tenant understood two thirds of the lot in severalty to have passed by the deed.   And this evidence was submitted to the jury with certain directions ; and a verdict being returned for the demandant, the tenant moved for a new trial on the ground that the evidence was inadmissible and that the directions of the court to the jury in relation to it were incorrect.   But as the opinion of the court is grounded upon the contruction of the deed independent of this testimony, it is unnecessary to state the evidence or the directions of the court to the jury.

*Mason* for the demandant.

*Atkinson* and *Woodbury* for the defendant.

RICHARDSON C. J.

Upon the trial of this cause, the question arose, whether the demandant was entitled to recover two undivided third parts of a certain tract of land lying south of a line described in the deed of Simeon Atkinson, or the whole of a parcel of land, which is two thirds in severalty of the same tract of land ; and it was supposed to be necessary in giving a construction to the deed to resort to parol evidence of certain acts and declarations of the said Simeon Atkinson, to explain the intention of the parties to it, and such evidence was admitted for that purpose. To some of the evidence thus admitted and to the direc-

tions of the court to the jury in relation to it, the tenant has taken exceptions. But it seems to us to be proper before we examine these exceptions to consider whether any such parol evidence was necessary to enable us to understand the deed. For, if the supposed ambiguity in the deed be patent, it must be removed by a sound construction of the words of the instrument, and there is no need of this parol testimony. The question raised must be settled by the court upon an inspection of the deed without adverting to that testimony, and the demandant will be entitled to judgment on the verdict or the verdict must be set aside and a verdict entered for the tenant, according to the constrction which the court may feel itself bound to give to the deed. It is very clearly settled that no parol evidence can be admitted to explain a patent ambiguity, where the doubt arises on the face of the instrument. 6 Mass. Rep. 440, *Storer* v. *Freeman* ; 11 Johns. 215, *Jackson* v. *Sill* ; 14 Johns. 1 *Mann* v. *Mann* ; Talbot's cases, 240 ; 3 Taunt. 147, *Doe* v. *Oxenden* ; 11 East, 441, *Doe* v. *Brown* ; 2 Bos. & Pul. 593 ; 1 P. Will. 286, *Day* v. *Trig* ; Phillips Ev. 410.

It is only when the doubt arises from extrinsic circumstances, that parol evidence can be introduced to explain. In that case as parol evidence introduces the obscurity the same evidence is very properly admitted to remove it. Finch's Rep. 395 ; 1 Meri. 383, *Careless* v. *Careless* ; 5 Coke 68, Cheney's case ; 6 D. & E. 671, *Thomas* v. *Thomas* ; 2 P. Will. 140, *Beaumont* v *Fell* ; 7 D. & E. 148 ; 8 Johns. 116.

There are cases in which parol evidence is admissible to aid in ascertaining the intention of the parties to an instrument.

Thus in giving a construction to a will, evidence of the situation and circumstances of the parties has been admitted to aid the court in forming an opinion. 1 P. Will. 425, *Masters* v. *Masters* ; 4 Johns. 63.

*Webster*
*v.*
*Atkinson.*

So in giving a construction to a deed conveying land, the situation of the land may be proved and taken into consideration. 1 D. & E. 701, *Doe* v. *Bust* ; 4 Mass. Rep. 110, *Crosby* v. *Parker* ; 4 Mass. Rep. 196, *Worthington* v. *Hylyer*.

Indeed, it seems to be well settled that parol evidence is admissible to show the situation and circumstances of any person or thing to which the instrument relates. But no evidence of an expressed intention, nor of the acts of the parties can be received to explain an ambiguity apparent on the face of the instrument. Peake's Ev. 116 ; 19 Johns. 313, *Ely* v. *Adams*.

We shall now proceed to examine the deed itself, and the admitted circumstances of the premises to which the deed relates, for the purpose of ascertaining whether two undivided third parts of the lot, or two thirds of the lot in severalty were intended to be conveyed.

Littleton says, " if a man seized of certain land infeoffe another of the moiety of the same land without any speech of assignment or limitation of the same moiety in severalty at the time of the feoffment, then the feoffee and feoffor shall hold their parts of the land in common." Litt. Sec. 299. And Coke says, " the like law is if the feoffment be made of a third part or a fourth part," &c. Coke Litt. 190, b.

This is a rule of construction adopted in very early times, the propriety of which seems never to have been called in question, and we shall without hesitation apply it to the case now before us, and hold that two thirds of the land in common passed by the deed, unless a limitation of the two thirds in severalty appears on the face of the instrument.

We shall now proceed to examine the description of the premises granted in this deed.

The first clause in the description is " *a certain tract of land.*" By this clause standing alone an entire tract of land must most clearly be understood. When a gift or a

grant of any thing is made, no body ever doubts it to be of the entire thing unless the contrary appears. This is a rule of construction most obvious and indisputable. The next clause in the description is, "*being part of the eighty acre lot laid out to the original right of Joseph Gerish.*" There is nothing in this clause that indicates an intention to grant an undivided part of the lot. The two first clauses taken together describe the premises as a tract of land part of a particular lot : and it is believed, that no person in the community would understand from this that an undivided part of the lot was intended.

The third clause is, "*bounded as follows, viz : on the northeast by the corner of the wall at the road back of the house, thence easterly to two twin oaks spotted and marked, &c. then to the road.*"

It seems to us very clear that this clause was intended to describe the north line of the "*certain tract of land part of the eighty acre lot,*" and not the north line of "*the eighty acre lot.*" The north line of both was at the time supposed to be the same, but we think the word "*bounded*" refers to "*tract*" and not to "*lot.*" We are induced to think so, because in the first place the word "*bounded*" refers, at least, as naturally to "*tract*" as to the "*lot.*" In the next place the lot is before described as an eighty acre lot laid out to a particular right, and had this clause been intended as a further description of the lot, it would have been more particular ; and the other lines of the lot would have been given. As a description of the lot it is altogether imperfect and incomplete.

But if a part of the lot in severalty was intended to be conveyed, the object in describing this line is very obvious. It was intended to be the north line of the granted premises and to fix the location of the land. If such were the intention, this line will be found a very material part of the description, without which the land could not be located. This must therefore be the construction of the clause, if it is to have any force. For if otherwise construed, it will be almost wholly idle and immaterial.

Such being the intent of this clause, the description given in the three first clauses will be this—"*a tract of land, part of the eighty acre lot, and bounded northerly on the line described in the deed.*"

Then comes the fourth clause, "*meaning to convey two thirds of the land south of the line aforesaid.*" It is very clear that "*the land south of the line aforesaid*" here means the eighty acre lot laid out to the right of Gerish, or that part of it which lies south of the said line. And if this clause stood alone, it is equally clear that according to the rule laid down by Littleton, it would pass two thirds of the land in common and undivided.

But it is among the settled rules of interpretation that the construction shall be made upon the entire deed, and be such that the whole deed and every part of it, may take effect, and that one part shall be expounded by another so that all the parts may agree. Shep. Touch. 87.

If we follow the spirit of this rule of interpretation, the clause now under consideration must, in our opinion, be considered as intended to designate two thirds of the lot in severalty. On this construction, the land conveyed is bounded northerly on the line designated, and extends far enough to the south to comprehend two thirds of the lot south of the said line.

This construction makes all the parts of the description agree. The land conveyed is *a tract of land part of the eighty acre lot, and bounded northerly on the line described in the deed and containing two thirds of the lot south of the line.* This is the plain and natural import of the terms used. Nothing is forced or distorted, as any person may see, who reads the description in the deed. And a particular tract of land is designated with great precision and accuracy, and every part of the description is material.

It is also an argument in favor of this construction that it is not said expressly in the deed that the meaning was to convey two thirds of the land undivided. It is usual,

when any interest in land in common and undivided is to be conveyed, to say so in express terms in the deed. But in this description no intimation is any where given that the two thirds are to be in common and undivided.

If we construe this clause in the deed as intended to designate two undivided thirds of the land, it makes it repugnant to the first and second clauses in the description. We have shown that by *a tract of land part of a lot* no person would understand that an undivided part of a lot was intended. The clause, then, which we are now considering, if intended to designate two thirds undivided of the land, is in direct conflict with those clauses understood according to the natural import of the terms used.

If the intention had been to convey an undivided interest in the land very different language would have been used. It was only necessary to describe the premises as two undivided thirds of the eighty acre lot. And who, that was capable of forming a distinct conception of the most simple matter and that knew the common use of words, could ever have thought of describing the premises as *a tract of land part of the eighty acre lot*, and then declaring the meaning to be to convey two undivided thirds of that lot? And who, if such were the meaning, could have omitted the word "*undivided*" which was necessary to express it, and have left the explanatory words as doubtful, at least in this respect, as the words which were attempted to be explained, when taken all together?

Then comes the last clause in the description "*being part of lot No. 26.*" No doubt can be entertained that this clause was intended to be descriptive of the two thirds mentioned above it. For the land south of the line cannot be intended, because that is the whole and not a part of lot No. 26. Here then words are again used to describe the two thirds, which in their common acceptation cannot be understood to indicate an undivided interest in the land, but a part of the lot in severalty.

Webster
*v.*
Atkinson.

Taking the whole description together we have not been able to doubt that two thirds of the lot in severalty passed by the deed. It therefore becomes unnecessary to examine the questions raised upon the evidence introduced, and the directions of the court, because independent of that evidence, it now appears that the right of the demandant to the whole tract described in his writ is clearly established, and there must be

*Judgment on the verdict.*