Hillsborough,
June 29, 1905.

### KIDDER *v.* FLANDERS.

A writing which names the parties to a contract for the sale of standing timber, states the price paid, describes the land, and is signed by the party to be charged with the making of a proper conveyance, is a sufficient memorandum to satisfy the requirements of the statute of frauds.

If a contract for the sale of standing timber does not specify the time during which the growth may remain upon the lot, the vendee is entitled to a reasonable time for cutting and removal; and his right is not affected by an attempted limitation thereof in a conveyance to a subsequent purchaser of the realty who is chargeable with notice of the terms of the prior contract.

BILL IN EQUITY, for an injunction. Facts found, and case transferred from the January term, 1905, of the superior court, by *Chamberlin,* J., without a ruling.

March 15, 1901, the defendant purchased of Whipple, and paid for, the growth upon a certain tract of land in Goffstown, and took a paper dated that day and signed by him, of which the following is a copy: "Received of Frank Flanders $45 in payment for the growth on the land situated upon the east side of Harry brook, beginning at northwesterly corner at stake and stones, thence easterly forty rods by Sargent heirs' land to stake and stone, thence southerly twenty-six rods to stake and stone, thence westerly forty-four rods to stake and stone, thence northerly twenty-six rods to boundary first mentioned. Received payment." Whipple understood that Flanders was to remove the growth before June 1, 1903, and Flanders intended to do so if he could reasonably, but refused to sign an agreement to that effect. March 21, 1901, Whipple conveyed the land to the plaintiff by warranty deed, informing him of the sale of the growth and that the defendant had until June 1, 1903, to remove it. The following was inserted in the deed: "Reserving to J. F. Flanders all of the wood and timber on said premises and until June 1, 1903, to cut and remove the same." The defendant entered upon the land and began to cut the growth in October, 1903, although forbidden to do so by the plaintiff, who thereupon brought this suit and procured a temporary injunction against the cutting. Considering all the circumstances, the defendant's entry was within a reasonable time.

*Burnham, Brown, Jones & Warren,* for the plaintiff.

*Taggart, Tuttle, Burroughs & Wyman,* for the defendant.

CHASE, J. Whipple's receipt to the defendant stated the parties to the contract, the price paid for the "growth," and a particular description of the land upon which it stood, and was signed by the party to be charged with the making of a proper conveyance. The minds of the parties did not meet with reference to the time when the growth should be cut and removed from the lot. The receipt is not incomplete in respect to this matter, but fully states the contract actually made. It is a sufficient memorandum within the statute of frauds to constitute a valid contract for the conveyance of the interest in real estate described in it. P. S., c. 215, s. 1; *Rafferty* v. *Lougee*, 63 N. H. 54; *Hickey* v. *Dole*, 66 N. H. 336; *Stockwell* v. *Williams*, 68 N. H. 75; *Chellis* v. *Grimes*, 72 N. H. 337. The time during which the growth might rightfully remain upon the lot not being specified in the contract, it will be inferred that the parties intended it should so remain a reasonable time from and after the date of the contract. *Howe* v. *Batchelder*, 49 N. H. 204; *Hoit* v. *Stratton Mills*, 54 N. H. 109.

Upon the plaintiff's purchase of the land a few days later, he was informed of the sale of the growth to Flanders, and a clause was inserted in his deed recognizing it. The phrase "reserving to J. F. Flanders" was evidently used in the sense of excepting in favor of, or for the use of, Flanders,—a use of the word "reserving" not uncommon in conveyances. *Cochecho Mfg. Co.* v. *Whittier*, 10 N. H. 305, 310; *West Point Iron Co.* v. *Reymert*, 45 N. Y. 703. The clause excepted from the grant made by the deed "all of the wood and timber on said premises" to which Flanders was entitled by his prior purchase. This was in fact all the growth that was upon the lot conveyed. If the parties intended by the phrase, "and until June 1, 1903, to cut and remove the same," to limit the quantity of wood and timber excepted to such portion as should be cut before the date mentioned (which is improbable, *Hoit* v. *Stratton Mills, supra*), or to change the time of cutting and removal from a reasonable time to the specified time, the law cannot give effect to such intention. Whipple certainly could not make such change in his contract with Flanders; and Kidder, being informed of the existence of the contract, was chargeable with notice of its terms, and stands with reference to it in no better position than Whipple. *Patten* v. *Moore*, 32 N. H. 382, 384; *Gooding* v. *Riley*, 50 N. H. 400, 406, 407; *Sanborn* v. *Robinson*, 54 N. H. 239.

According to the record, the plaintiff has no title to the wood and timber; and at the time of the defendant's entry upon the land, in October, 1903, to cut and remove the same,—it being within a reasonable time after the date of the contract,—the defendant had a right to make the entry which might be enforced by

a suit in equity. Under these circumstances the plaintiff is not entitled to the injunction prayed for. The bill should be dismissed.

*Case discharged.*

All concurred.