Grafton,
Oct. 3, 1911.

## DAY v. WASHBURN, *Adm'r*, & *a.*

An agreement to will an entire estate in consideration of services to be performed by the promisee is enforceable against the promisor's administrator; and in an action for breach of such contract, the measure of damages is the value of all property of the promisor not willed to the plaintiff, which is not required for the payment of debts and expenses of administration.

A bill in equity for the specific performance of such contract, brought against the administrator of the promisor and legatees named in his will, may be treated as a bill of interpleader brought by the administrator.

Parol evidence offered for the purpose of proving the consideration of a written contract is not inadmissible as tending to vary or contradict its terms.

BILL IN EQUITY, praying that an instrument proved and allowed as the last will of Orson Day be declared null and void, and for the specific performance of a certain contract entered into by Orson and the plaintiff.   Trial by the court.   Transferred from the September term, 1910, of the superior court by *Chamberlin*, J.   The bill was originally brought against Fred W. Washburn, administrator of the estate of Edgar A. Washburn, and William Kimball, claimants under the will of Orson.   By agreement of the parties, Wilbur F. Smith was appointed administrator with the will annexed of the estate of Orson and appeared as a party defendant.   The defendants demurred and answered.   The demurrer was overruled, subject to exception.

Upon a hearing, it was found that Orson agreed with the plaintiff that he would by his last will give and devise to her all his estate. In order that she might have sufficient income to meet her current expenses, Orson further agreed to pay her four dollars at the end of each week and a reasonable sum for necessary nursing during sickness; and in consideration of Orson's agreements, the plaintiff prom-

ised to board and care for him during his life.  September 22,
1906, Orson made a will by which he gave all his estate to the plain-
tiff.   On the same day and as a part of the same transaction, Orson
and the plaintiff signed a contract whereby she agreed to board him
during his natural life for four dollars a week and he promised to pay
her that sum.   The plaintiff performed the contract on her part.
August 20, 1907, Orson made a will which has been proved and al-
lowed as his last will, by which he bequeathed to the defendant
Kimball and Edgar A. Washburn personal property exceeding
$2,400 in value.

The plaintiff was offered as a witness, but her testimony was
excluded and not considered as to matters occurring in the lifetime
of Orson.   The defendants excepted to evidence of the first will on
the ground that the court had no jurisdiction to pass on its validity,
and to it and other evidence as contradicting the written contract
between the parties.

*Smith & Smith, Albin & Sawyer,* and *Charles A. Dole,* for the
plaintiff.

*Scott Sloane,* for the defendants.

PARSONS, C. J.   Upon competent evidence, the testimony of the
plaintiff having been excluded and not considered, the court has
found that the deceased, Orson Day, in consideration of services to
be performed by the plaintiff, agreed, among other things, to leave
her all his property by his last will at his decease.   This was a con-
tract which the deceased had the power to make and which in default
of performance by him could be enforced against his administrator.
*Peterborough Savings Bank* v. *Hartshorn,* 67 N. H. 156; *Clements*
v. *Marston,* 52 N. H. 31, 39; *Parsell* v. *Stryker,* 41 N. Y. 480, 487.
The contract was performed by the plaintiff; but by the instrument
which has been proved as the last will of Day, although the plaintiff
is made residuary legatee, certain items of personal property of
considerable value were given to Kimball and Washburn, the orig-
inal defendants.   The estate of Day is represented by his admin-
istrator, and claims against it should be prosecuted against the
administrator and not against heirs or legatees.   As Day did not
fully perform his contract to give the plaintiff all his property by
will, the plaintiff's damages by the breach are the value of all prop-

erty left by him not willed to the plaintiff which is not consumed in administration, there being no debts.

The defendants demur upon the ground that the plaintiff has an adequate remedy at law. A decree for specific performance would have precisely the same effect as a judgment for damages in a suit at law. Justice does not require a separate suit to accomplish the same result which may be reached in this without further hearing. The administrator of Day is a party by agreement, and is entitled to protection and advice as to the conflicting claims of the defendants claiming the property by the terms of the will and of the plaintiff claiming under the contract. It is immaterial that the contending parties have brought him into court, rather than that he as plaintiff has compelled the parties to interplead. The parties have stated their claims in pleading and tried their case. The proceeding may be treated as a bill of interpleader brought by the administrator, and a decree be entered directing the administrator to pay over to the plaintiff all the estate of Day in his hands after payment of the expenses of his trust. *Peterborough Savings Bank* v. *Hartshorn*, 67 N. H. 156; *Cox* v. *Leviston*, 63 N. H. 283, 287.

The superior court of course has no jurisdiction in this proceeding to set up the first will or to annul the probate had of the later. The decree suggested will not have such effect. The first will was offered merely as evidence of the contract alleged, and the decree will not affect the probate of the second. The parol evidence objected to was not introduced to vary or control the written evidence, but merely tended to show the consideration and was competent. *Quimby* v. *Stebbins*, 55 N. H. 420. Whether the instrument executed by Day as his will, September 22, 1906, was a sufficient acknowledgment in writing to avoid the statute of frauds as to real estate is not involved, as the title to real estate is not in issue. *Clements* v. *Marston*, 52 N. H. 31, 39.

*Case discharged.*

All concurred.