Hillsborough, }
April 2, 1918. }

## WILLIAM A. WEBBER *v.* FRANK LORANGER.

Assumpsit lies against the owner of premises for breach of his oral promise to make repairs, in consideration of the plaintiff's execution and acceptance of a written lease: such promise being collateral to the lease is not within the parol evidence rule.

ASSUMPSIT, for breach of contract to make certain repairs in consideration of the plaintiff's execution of a lease. Trial by the court, and verdict for the defendant, to which the plaintiff excepted. The parties entered into an agreement by which the plaintiff was to take a lease of the defendant of certain premises at an agreed rental, which included compensation for certain repairs the defendant intended to make. It appeared that the plaintiff prepared the lease, leaving a blank space for the provision in regard to the repairs, because he did not know just how to put it in. He then took the lease to the defendant and spoke to him about writing in the provision. The defendant was in a hurry at the time, but said that he wanted the repairs made and was already making them and that he trusted the plaintiff, and the plaintiff ought to trust him, and take his word. The lease was thereupon executed without containing the agreement about the repairs. The court found that there was no parol contract or meeting of minds upon this subject, because the defendant said it was a matter of trust between them, and the plaintiff was satisfied to take his chances and sign the lease. Subsequently, the plaintiff entered into possession of the premises and paid the stipulated rent. Transferred from the May term, 1917, of the superior court by *Allen,* J.

*Taggart, Wyman, McLane & Starr* (*Mr. Wyman* orally), for the plaintiff.

*Myer Saidel* (by brief and orally), for the defendant.

WALKER, J.   The question of law presented by the exception to the verdict is whether there was sufficient evidence to support it, or whether, from the evidentiary facts reported, it conclusively appears that reasonable men trying the fact in issue could not have reached that result.   The case is apparently somewhat meager in its statement of the evidence, and its finding of facts, upon which the verdict was based, is not only brief but largely argumentative.   But upon the assumption that all the material facts appear bearing on the subject of the defendant's alleged promise to make the repairs contemplated by the parties, it is difficult to understand the method of reasoning by which it was found that no parol contract was made upon that subject.   In the original agreement between the parties the amount of rent the plaintiff was to pay was in fact determined by the condition of the premises in the proposed state of repair. This was regarded as a material consideration for the agreement of the plaintiff to pay the stipulated rent, and was assented to by the defendant.   He then agreed to make the repairs.   The minds of the parties then met upon the proposition, which it was understood was to be incorporated into the lease.   The reason it was not specified in the lease was that the plaintiff was in doubt how to express it and the defendant was in a hurry when the plaintiff asked him to have it put into the lease, which was in other respects ready to be signed.   There is no evidence that the plaintiff intended to waive that condition of their previous parol arrangement or to treat it as immaterial, unless the fact that he signed the lease is regarded as evidence of it.   But his signing of the lease was evidently induced by the assurance of the defendant, that he would make the repairs, and his request that the plaintiff would trust him to do the work upon his parol promise to do it.   Hence there was no waiver upon the part of the plaintiff.   Nor is there any evidence that the defendant understood that no repairs were to be made under the contract, or that the plaintiff would not insist upon their being made. The finding that the minds of the parties did not meet in a definite agreement that the plaintiff would sign the lease in its incompleted condition, upon the parol promise of the defendant to make the repairs as originally agreed to, is obviously unsupported upon any

reasonable understanding of the facts reported. Doubtless the plaintiff was willing to take "his chances" that the defendant would perform his verbal agreement the same as though it had been incorporated in the lease. But it is inconceivable that he understood that the defendant refused to stand by his agreement to make the repairs, or that the defendant believed that his promise to make them was mere verbiage upon which the plaintiff was not entitled to rely. The only reasonable or permissible conclusion from the facts is that the parties intended to make a binding parol contract collateral to the lease. *Durkin* v. *Cobleigh*, 156 Mass. 108. As the defendant has failed to perform his agreement, the plaintiff, having paid the rent in full, is entitled to recover such damages resulting from the breach as he may be able to prove.

The suggestion that a verdict for the plaintiff upon the parol evidence introduced would violate the rule against varying the terms of a written instrument by parol, is without merit. The action is not brought upon the lease, and no attempt is made to vary or contradict its terms. The question relates merely to the consideration of the lease, which may be proved by extraneous evidence in an independent action upon a collateral undertaking. *Quimby* v. *Stebbins*, 55 N. H. 420; *Hutt* v. *Hickey*, 67 N. H. 411; *Kidd* v. *Traction Co.*, 74 N. H. 160, 173; *Day* v. *Washburn*, 76 N. H. 203; *Durkin* v. *Cobleigh, supra*.

*Exception sustained: verdict set aside.*

All concurred.