Hillsborough,
Feb. 7, 1933.

ARTHUR PRINCE (HARRY C. GREENE *plaintiff in interest*)

*v.*

GRANITE STATE FIRE INSURANCE COMPANY.

SAME *v.* COMMERCIAL UNION ASSURANCE COMPANY, *L't'd.*

*Walter E. Kittredge* (by brief and orally), for the plaintiffs.

*Thorp & Branch* (*Mr. Branch* orally), for the defendants.

PEASLEE, C. J. "Insurance is a contract of indemnity, appertaining to the person or party to the contract, and not to the thing which is subjected to the risk against which its owner is protected. *Cummings* v. *Insurance Co.*, 55 N. H. 457. The contract of insurance being indemnity against loss, it is essential to its existence that the party insured should have some interest in the thing insured." *Lahiff* v. *Insurance Co.*, 60 N. H. 75.

If the party named in the insurance policies had no interest in the property, the defendants are not liable to him. The issue as to his

interest depends upon the effect of transactions entered into by Greene. They are quite unusual. At some time prior to the issuance of the policy Greene obtained from Prince a blanket power of attorney to convey any real estate which Prince might have in the states of Massachusetts, New Hampshire and Vermont. Prince never owned any real estate. Greene bought the property in question and directed that the deed be made to Prince. The latter knew nothing of the transaction, and the deed was delivered to Greene, who then took out the insurance in the name of Prince.

It is evident that Prince had no interest in the property. He has not been damaged by the fire, and of course cannot recover anything on that account. Moreover there is no evidence that Greene was Prince's agent to secure insurance. "If he had not such authority, there was no contract between the parties." *Johnson* v. *Casualty Co.*, 73 N. H. 259, 260.

But the plaintiff in interest claims that while Prince cannot recover the true owner of the property can. No authority for the claim made has been cited, and the only argument advanced is that an insurance policy "is an open contract between the company and any party beneficially interested in the property insured;" that he "can step in and take the same rights as the insured could" to the extent of the interest proved. In so far as there is any such rule, it is limited to cases where the policy is so expressed (see *Folsom* v. *Insurance Co*, 59 N. H. 54), or where the party insured has a cause of action, the equitable title to which has passed to an assignee. As a stream cannot rise above its source, so the assignee's right cannot exceed that of the assignor before assignment. Since Prince could not recover, Greene cannot recover in the right of Prince. *Murchie* v. *Wentworth*, 74 N. H. 3, and cases cited.

Nor is this a case where the owner of property held it in a fictitious name, and might be at liberty to prove that the name used was a designation of himself. Prince was a living party, and all that Greene did was to procure insurance upon the interest of that party. The defendants insured Prince against loss, and they did not insure any one else.

Greene's undisclosed purpose to insure his own interest in the property by taking out policies in Prince's name cannot affect the result here. *Fitch Company* v. *Insurance Co.* 82 N. H. 318, and cases cited. Not only is it true that such purpose was not communicated to the insurers, but the written contracts cannot be varied by parol testimony. *Marsh* v. *Insurance Co.*, 71 N. H. 253. Even if there had been a mutual understanding to the effect that Greene's interest was

covered, it would merely have furnished proof tending to support a claim for the reformation of the contracts by a court of equity. These suits are upon the contracts as written. *Webster* v. *Webster*, 33 N. H. 18; *Tasker* v. *Insurance Co.*, 59 N. H. 438.

It is not strange that exact precedents for the case at bar appear to be lacking. Greene's method of attempting to pass or hold title to real estate was at least unique. If he saw fit to do business in that way, it was incumbent upon him to disclose to the insurers the fact that he had an interest in the property insured, and to secure contracts of insurance which protected that interest. He did nothing of the sort, and must abide the consequences.

Whatever may have been done with the title since the fire is immaterial here. " ... the rights of the parties were fixed 'at the moment of the loss'. *Hall* v. *Association*, 64 N. H. 405, 406." *Dudley* v. *Insurance Co.*, 82 N. H. 167, 169.

The defendants' motions for nonsuits should have been granted.

*Judgments for the defendants.*

BRANCH, J., did not sit: the others concurred.