Hillsborough, }
Dec. 1, 1936. }

FREDERICK R. CONNELL *v.* DIAMOND T. TRUCK CO., INC.

*Ivory C. Eaton* (by brief and orally), for the plaintiff.

*James A. Broderick* and *Maurice A. Broderick* (*Mr. Maurice A. Broderick* orally), for the defendant.

WOODBURY, J. The evidence is conflicting not only as to the date of the written contract of sale but also as to the date of the alleged oral agreement to rescind it. As a result of this conflict it could be found that the oral agreement was made either after, contemporaneously with, or before the written one. In the event of a finding that the oral agreement was made after the written contract the parol evidence rule would not apply because that rule operates to exclude evidence of only those parol agreements at variance with a written contract which were made contemporaneously with or prior to the integration of the agreement in writing. *Shattuck* v. *Robbins*, 68 N. H. 565; *Piper* v. *Meredith*, 83 N. H. 107, 112; 2 Will., Contracts, s. 632; 5 Wig., Evidence, s. 2441. It does not follow from this, however, that the plaintiff is entitled to recover on the alleged oral agreement as a subsequent independent contract. The reason for this is that the plaintiff gave or promised no valid consideration for the alleged promise of the defendant to rescind if the truck should prove inadequate. The most that he could be found to have given as consideration for the defendant's promise to rescind upon condition was his promise to continue to perform the contractual obligations which he had already assumed by signing the written contract of sale. This, with certain exceptions not here material, is not such consideration as will support a promise. *Eleftherion* v. *Company*, 84 N. H. 32, 34, and cases cited.

On the other hand, if the other interpretation of the evidence is accepted, that is, if it is taken to establish that the oral agreement

318

was made either contemporaneously with or prior to the writing, then the parol evidence rule does apply and the evidence of the oral agreement is inadmissible.

The plaintiff's contention that the oral promise related to a matter not covered by the written contract but supplementary to it, in other words, that it was a separate and separable undertaking not within the four corners of the writing, as was the situation in *Webber* v. *Laranger*, 79 N. H. 3, and *Steinfield* v. *Monadnock Mills*, 81 N. H. 152, is without merit. The scope of the written contract, how much of their undertaking they included therein, presents the question of whether or not they intended the writing to be a complete memorial of all their agreements upon the subject. *Piper* v. *Meredith, supra*. In the case at bar this question is susceptible of but one answer. The writing itself stipulates in specific terms that it embodies the complete agreement.

It follows that the plaintiff's evidence was inadmissible and that the defendant's motions should have been granted.

*Judgment for the defendant.*

PAGE, J., was absent: the others concurred.