Carroll,
June 24, 1942. } Nos. 3319, 3338.

Wright E. Spear *v.* Frank A. Penna.

Frank A. Penna *v.* Wright E. Spear.

*Rolland R. Rasquin* and *Harry A. Thompson* (*Mr. Rasquin* orally), for Spear in his action.

*Robert C. Murchie* and *Irving H. Kennedy*, for Spear in the action against him.

*Hughes & Burns* and *Arthur E. Kenison*, for Penna in both actions.

ALLEN, C. J.   I.   The collision was one in which each party expected the other to take different action.   Penna thought Spear would not cross the road in front of him, while Spear thought that he might thus cross it safely.   Correct anticipation by either would have avoided the accident.   If either, but not both, had remained on the easterly side of the road or if Spear had not driven on the main roadway, there would have been clearance.   Likewise, if only one had driven on the westerly side of the roadway, the collision would not have occurred.

The issues of care in anticipation and conduct were properly submitted, and the finding that Penna was negligent without a finding that Spear was also negligent was a warranted one.   In its considered examination the evidence permits inferences of opportunities, speeds, times, distances and conduct tending to show Penna's blame with no required conclusion of Spear's.   In brief review, evidence reasonably credible served to show that Spear was close to the easterly edge of the tarred roadway when he looked to the left in the direction in which Penna was traveling and saw no car.   The road in this direction was in Spear's view for a distance of one hundred and twenty-five feet.   When Spear was about half way across the road, he saw the Penna car.   It was then about seventy-five feet away. It struck Spear's car within about a second, allowing for some acceleration of Spear's speed from five miles an hour as his rate to the center of the roadway.   Brake marks of the Penna car on the roadway extended back seventy-six feet from its stop after pushing the Spear car to the westerly edge of the tarred roadway some nine feet, on striking it.   The long brake mark indicated, as might be proved, a sudden application of the brakes dragging the wheel which left its mark.   Inferences of Penna's excessive speed, of his failure of due alertness, and of his inferior exercise of judgment were all properly to be drawn, while Spear's conduct in crossing the road and in under-

taking to accelerate his speed when he first saw the Penna car was not careless as matter of law. The exception to the court's refusal to withdraw from the jury the issue of speed is overruled, in view of the evidence thus stated. It needs no separate treatment, unless to state that speed may be excessive when considered with conduct in other respects.

The exception to the admission of evidence of Penna's customary speed as being "rather fast" is also overruled. The evidence was that he always drove "within the law" and never over forty-five miles an hour. It was, therefore, negative in showing improper speed at the time and was harmless, even if the other evidence "fully disclosed" (*Minot* v. *Railroad*, 73 N. H. 317, 320; *Buxton* v. *Langan*, 90 N. H. 13, 15, 16) Penna's conduct.

Exception was taken to a course of argument bearing on the relation of certain times and distances. The calculations were claimed only to be approximate, and there was no error of mathematics sufficient to constitute legal error. Taking into account the evidence of the place on the roadway where the collision took place and of the impact of the collision which pushed the Spear car to the edge of the roadway, the figures used were well within the bounds of argument which the evidence supported. A reasonable deduction from the evidence is that Spear was hit within one second after he saw the Penna car seventy odd feet distant from him.

II. The Penna action was settled by his counsel and Spear's insurer. A release providing for judgment for Penna for $150 without costs and "with no further action for the same cause" was not accepted for Spear because the insurer did not wish to do anything to affect Spear's claim against Penna, as Penna's counsel was informed. The terms were modified and in pursuance of them an entry on the court docket was made as follows "Neither party. No costs. Judgment satisfied. No further action for same cause." The entry stood on the docket at the time of the trial of Spear's action. Not shown by the entry but in connection with it, Penna furnished a covenant not to sue Spear on account of the accident, although he had already brought suit.

The contention is made that the words "judgment satisfied" in the entry show Spear's consent and subjection to a judicial record of his fault with the doctrine of *res adjudicata* to be applied. Against the contention it is claimed that the words were inadvertently included in the docket marking and are surplusage, properly stricken out by the order later made.

In its legal aspect the issue is of the effect of a writing containing a

patent ambiguity. The conflict between the two sections of the entry, one of "neither party" and one of "judgment satisfied," cannot be reconciled. One must stand and the other fall.

Whether extrinsic evidence is admissible to resolve the conflict is doubtful. The ambiguity consists, not of an uncertainty of the meaning of language used, but of a conflict of terms incapable of adjustment. Each term is clearly expressed but only one can be effective. To reject one as surplusage is not to say what the entry means as recorded, but is to modify the entry. As it stands the entry is necessarily vague and uncertain. The case is not one of equivocation between two doubtful meanings, but is one where the parties have purported to agree on two items which are mutually incompatible. The parties, in short, incorrectly expressed their real agreement, and correction, it would seem, must be by reformation. Meaningless words may be rejected as surplusage, under construction, but not terms which on their face cannot yield to each other. Parol evidence may be received to explain but not to alter or amend the terms of a contract.

Under this view it follows that at the time of the trial no valid entry of a judgment stood on the docket, and the plea to abate failed for lack of proof to support it.

But if it might be held that a bar presumptively existed at the time of the trial of the Spear action, it was removable, if produced by mutual mistake, either before or after the verdict. If normally the issue of a bar should be decided when it is first presented and before further proceedings, the course of procedure taken was proper. Convenience and expedition of litigation were served.

The findings supporting the order for amendment later made in the Penna action are amply sustained by the evidence, including the implied finding that Penna's counsel understood the purpose which the entry was designed to accomplish. The insurer's counsel had made it clear to Penna's counsel that an entry which would not affect Spear's action was desired, and Penna's counsel without objection consented to an entry designed to accomplish that result. The order for the words "judgment satisfied" to be stricken from the entry resulted in an entry which perfected the actual agreement for the settlement of Penna's action. The subsidiary order for a *nunc pro tunc* effect of the amendment, if unnecessary, created no injustice.

> *In the Spear action, judgment on the verdict:*
> *in the Penna action, exception overruled.*

All concurred.