Hillsborough, } No. 3710.
Feb. 3, 1948. }

JOHN BARANOWSKI *v.* JAMES LINATSIS.

*Leonard G. Velishka*, for the plaintiff, furnished no brief.

*Markar G. Markarian* (by brief and orally), for the defendant.

DUNCAN, J.   The amended declaration alleges misrepresentations in the written contract, made by the defendant and relied upon by the plaintiff, "that the defendant's automobile was free and clear of any encumbrances;" and reference was made in the course of the trial to this statement in the written contract: "I certify . . . that the car I am trading in is free from all incumbrances whatsoever."

The declaration is not supported by the proof, because the provision of the written contract cannot reasonably be interpreted to refer to the defendant's automobile.   The contract took the form of a printed "car order blank," designed for company use.   As it was executed, the defendant occupied the position of seller and the plaintiff of buyer.   While the blank was signed by both, the defendant's signature appears at the top following the word "Seller," to whom the order for a Packard Coupe is addressed, and at the foot after the word "Salesman," following a blank line headed "Authorized By."   The quoted representation or warranty immediately precedes the plaintiff's signature in the body of the instrument, and must be taken to relate to the Oldsmobile, which the plaintiff "traded in," described on a line headed "Allowance."   The contract contains no warranty or representation concerning title to the Packard, but on the contrary, expressly provides:   "No Salesman's verbal agreement is binding on the Company; all terms and conditions of this sale are expressed in

this agreement; any promises or understandings not herein specified in writing are hereby expressly waived."

Under the parol evidence rule, no express oral warranty could be established, and the provisions of the contract effectively preclude a warranty by implication. *Rollins Engine Co.* v. *Forge Co.*, 73 N. H. 92; *Connell* v. *Company*, 88 N. H. 316; R. L., c. 200, *ss.* 13, 71; 46 Am. Jur., Sales, *ss.* 315, 335; Annotation, 133 A. L. R. 1361. Furthermore it is questionable whether an implied warranty would afford ground for an action of deceit. *DePasquale* v. *Bradlee & McIntosh Co.*, 258 Mass. 483.

Upon the theory that the parol evidence rule and contract provisions against extrinsic agreements do not preclude a showing of fraud in the inducement of a contract, (See, *Anderson* v. *Scott*, 70 N. H. 350; *Coon* v. *Atwell*, 46 N. H. 510; *Arnold* v. *Nat'l Aniline & Chemical Co.*, 20 F. (2d) 364; *Mayer* v. *Dean*, 115 N. Y. 556; *Ferguson* v. *Koch*, 204 Cal. 342; Williston, Sales (2d *ed.*) *s.* 215; Wig. Ev., (3d *ed.*) *s.* 2439), the plaintiff might conceivably rest his case upon oral misrepresentations made to procure the contract, had they been proved. But such representations were neither declared upon nor proved. To the inquiry, "Did [the defendant] tell you it was free and clear?", the plaintiff's answer, "He told me it was his car," does not impress us as evidence of a fraudulent misrepresentation that the title was free from incumbrances. To constitute actionable fraud, representations must be fraudulent as well as false, and damage must ensue. *Page* v. *Parker*, 43 N. H. 363; *Hall* v. *Insurance Co.*, 91 N. H. 6, 10, 11; *Record* v. *Trust Co.*, 89 N. H. 1, 8. Although the automobile was in fact encumbered, it was, nevertheless, the defendant's car, and the evidence that the mortgagee had consented to the sale was undisputed. Moreover, the mortgage was paid before the first payment on the plaintiff's note fell due, and over eight months before he was to receive absolute title on payment of the note in full. If the evidence of fraudulent misrepresentation could be held sufficient, the plaintiff's case would fail for want of evidence of damage resulting therefrom. The defendant's motion for a directed verdict should have been granted.

The plaintiff's position is no better if his apparent abandonment of the count in trover does not now preclude reliance upon it. He is still faced by the provisions of the written contract which negative an implied warranty for the breach of which rescission might be had. If a warranty could be established, its breach was only technical. The sale was made with the consent of the mortgagee. The encum-

brance was removed before there was any threat of loss to the plaintiff. His attempted rescission, whether before or after payment of the mortgage note, was unwarranted, and he did not thereby become entitled to maintain trover. The most which could be proved was a technical breach of warranty from which the plaintiff suffered no damage, and would have suffered none had he fully performed his contract. It follows that the action may not be maintained. *Chase v. Willard*, 67 N. H. 369.

The rights of the plaintiff, if any, by reason of the defendant's disposal of the Packard are not involved, and are not affected hereby. See *Mercier v. Company*, 84 N. H. 59.

*Judgment for the defendant.*

BLANDIN, J., did not sit: the others concurred.