Hillsborough
No. 81-186

BADR EXPORT AND IMPORT, INC.

v.

GROVETON PAPERS CO.

February 12, 1982

*Sullivan, Gregg & Horton P.A.*, of Nashua (*Sherman D. Horton, Jr., & a.* on the brief, and *Marian A. Wait* orally), for the plaintiff.

*McLane, Graf, Raulerson & Middleton P.A.*, of Manchester (*Bruce W. Felmly & a.* on the brief and *Mr. Felmly* orally), for the defendant.

PER CURIAM. On this appeal, the plaintiff asserts that the Superior Court (*Wyman*, J.) erred in granting summary judgment to the defendant relying upon the Statute of Frauds, RSA 506:2. We affirm.

The plaintiff acted as a sales broker for a number of American manufacturers in the Middle East. Its president, Sayed Badr,

asserted that by express oral agreement with Charles Wemyss, Senior Vice President of the defendant, the plaintiff was granted sole and exclusive rights for a minimum of five years to represent the defendant in the Middle East. After the plaintiff had acted as a broker for the defendant's "Campbell Stationery Product Line" for approximately two years, the defendant terminated the brokerage arrangement. Consequently, the plaintiff brought this action against the defendant for breach of contract.

Groveton Papers Co. asserted that the Statute of Frauds barred the plaintiff's action. The plaintiff responded that two letters written by one of the defendant's officers satisfied the requirements of RSA 506:2, which provides that no action may be brought on an agreement "that is not to be performed within one year from the time of making it, unless such promise or agreement, or some note or memorandum thereof, is in writing and signed by the party to be charged. . . ."

The letters to the plaintiff from the defendant regarding the plaintiff's right to represent the defendant's "Campbell Stationery Product Line" are as follows:

"November 12, 1975

Dear Sir:

The following terms apply to the export of Campbell products through your organization.

Price: 200 carton brackets will apply to all items purchased, Zone A.

Freight: FOB mill, truckload rate of freight allowed.

Cash
Transaction: Irrevocable letter of credit
Payable in U.S. funds

Limitations: Two truckloads per month
(T/L = 40M or approximately 1000 cartons)

Commission: 5% on prices shown in Zone A price list

Very truly yours,

David Livingstone
Vice President—Sales"

"March 11, 1977

Dear Sir:

Please be advised that as of this date the offer to your

company of Campbell Stationery products for export sale as contained in our letter of 12 November 1975 is withdrawn.

Campbell Stationery will no longer accept orders for its products from Badr Export & Import, Inc. for either export or domestic distribution.

Very truly yours,

CAMPBELL STATIONERY

David Livingstone
Vice President—Sales"

■ Pursuant to a motion for summary judgment filed by the defendant, the trial court determined that the above letters failed to meet the requirements of the Statute of Frauds, because they "neither [included] nor [referred] to many essential elements of the alleged contract . . . including exclusivity and term of brokerage." In granting the defendant's motion for summary judgment, the trial judge concluded that to allow parol evidence for the purpose of establishing material elements of the contract would present the danger the statute was designed to prevent. We agree. The letters do not contain the essential terms of the contract. They do not indicate that the plaintiff was to be an exclusive broker for a five-year period. *See Maisch v. Cobb*, 76 N.H. 62, 63, 79 A.2d 489, 498 (1911); *Chellis v. Grimes*, 72 N.H. 337, 339, 56 A. 742, 743 (1903). To allow parol evidence to supply the essential terms of the contract would circumvent the purpose of the Statute of Frauds. *See* 2 A. CORBIN, CONTRACTS § 27, at 782–84 (1950).

■ The plaintiff also argues that the less stringent "statute of frauds" provision of the Uniform Commercial Code, RSA 382–A:2-201, or, in the alternative, the doctrine of equitable estoppel, should be applied in this case. We need not address these issues, as they are not properly before us. *See Progressive Survey, Inc. v. Pearson*, 120 N.H. 58, 61, 410 A.2d 1123, 1125 (1980); *Sperl v. Sperl*, 119 N.H. 818, 821, 408 A.2d 422, 424 (1979).

■■ On the record before us, we conclude that the trial court was correct in granting the motion for summary judgment because no disputed issues of material fact were presented to it. *See Armand Engineering Co., Inc. v. Adrien A. Labrie, Inc.*, 121 N.H. 107, 110, 427 A.2d 15, 16 (1981); RSA 491:8-a (Supp. 1979). Brokerage or agency agreements for indefinite, unspecified periods are terminable by either party at will, subject to the requirement

of good faith. *Crowe v. Trickey*, 204 U.S. 228, 239 (1907); *Buttorff v. United Electronic Laboratories, Inc.*, 459 S.W.2d 581, 585–86 (Ky. App. 1970); 2 A. CORBIN, CONTRACTS § 446, at 552 (1950).

*Affirmed.*