Hillsborough
No. 81-043

ROLAND LAPIERRE

v.

RICHARD CABRAL

April 2, 1982

302

*Winer, Lynch & Pillsbury*, of Nashua (*Robert W. Pillsbury* on the brief and orally), for the plaintiff.

*Arthur O. Gormley, Jr.*, of Nashua, by brief and orally, for the defendant.

KING, C.J. The issues presented in this case are whether the trial court erred in concluding that the contract between the plaintiff and a third party was assignable to the defendant and in refusing to admit parol evidence regarding possible financing conditions applicable to the plaintiff's and the defendant's contract of assignment. While we rule that the court should have admitted parol evidence, we find that the defendant did not sustain his burden of proof, and therefore, we affirm.

The plaintiff, Roland Lapierre, is a real estate developer in Nashua, New Hampshire, and the defendant, Richard Cabral, was also extensively engaged in the real estate business for many years.

On November 10, 1977, Lapierre and Guerrette Real Estate, Inc., of Nashua (Guerrette) entered into a written agreement in which Guerrette gave Lapierre an option to purchase land and buildings located on Main Street in Nashua for $200,000, with a schedule of installment payments to be secured by a first mortgage on the Main Street property. The contract was subject to an existing lease with Cabral which was to expire on July 8, 1979. As lessee, Cabral had expended about $15,000 on leasehold improvements that could not be taken to any other location.

Simultaneously with the execution of the option to purchase, Guerrette and Lapierre entered into a purchase-and-sale agreement for the same property. On July 17, 1978, the parties amended the option agreement, extending the period for payments and providing for the subordination of the mortgage to a purchase money or development mortgage which Lapierre placed on the property.

By instrument dated October 16, 1978, Lapierre assigned his option to purchase the Main Street property as well as two deposits totaling $15,000 he had already paid to Guerrette to Cabral. The assignment of the option contract provided that the closing

was to take place on or before October 16, 1978. Cabral would then have the obligation to pay Lapierre the sum of $25,000. Under the agreement, Cabral would have no right to assign the option without the written consent of Lapierre. Additionally, the writing included a clause stating that the instrument represented all agreements between the parties.

On April 9, 1979, Guerrette and Lapierre executed a further amendment to the purchase-and-sale agreement which increased the payment at closing from $100,000 to $150,000, extended the term to pay off the mortgage and increased the amount of the interest.

Lapierre made demands upon Cabral in April 1979, for the $25,000, but no payment was made, and at the expiration of the option on June 8, 1979, the $15,000 paid by Lapierre to Guerrette was forfeited. Both Lapierre and Cabral were aware that the option to purchase the real estate had to be exercised by June 8, 1979. Cabral never exercised the option, and Lapierre said he found out that Cabral was not going through with the deal when Cabral leased space elsewhere. Consequently, Lapierre brought an action against Cabral for breach of their assignment contract. The Master (*Margaret Q. Flynn,* Esq.) found for the plaintiff, and her finding was approved by the Superior Court (*Bean,* J.).

At trial, the defendant alleged that, because the plaintiff had arranged all the financing terms for the purchase of the property with Guerrette, Guerrette had relied on the plaintiff's credit, thereby making the option personal to the plaintiff and not assignable to the defendant. The master found that the option was assignable, and we agree.

 The option contract between the plaintiff and Guerrette contained words of assignability, and that language constitutes some evidence that the contract was assignable. *See Hampton v. Hampton Beach Improvment Co.,* 107 N.H. 89, 95, 218 A.2d 442, 447 (1966). The existence of financing terms in the plaintiff's option contract with Guerrette does not necessarily indicate that Guerrette relied on the plaintiff's personal credit. *See id.* at 95–96, 218 A.2d at 448. The words of assignability must control, absent any evidence that the parties intended the contract to be assignable. *See id.,* 218 A.2d at 448. The master, therefore, properly concluded that the option was validly assigned to the defendant.

The defendant also claims that the assignment contract between the defendant and the plaintiff did not satisfy the Statute of Frauds because no closing date was expressed in the writing. Even assuming that the payment date stated in the writing was not

intended as a closing date, the writing still satisfies the Statute of Frauds.

■■■■ The Statute of Frauds requires that contracts for the purchase of real estate be in writing, RSA 506:1, and that the writing express the essential terms of the contract. *Briand v. Wild*, 110 N.H. 373, 375, 268 A.2d 896, 898 (1970); *cf. Badr Export and Import, Inc. v. Groveton Papers Co.*, 122 N.H. 101, 103, 441 A.2d 1159, 1161 (1982). Because the purchase price, the identity of the parties, and a description of the real estate were expressed in writing, the parties' contract does not violate the Statute of Frauds. *Cunningham v. Singer*, 111 N.H. 159, 160, 277 A.2d 318, 319 (1971). Time for performance is not an essential term under the Statute of Frauds. *Kidder v. Flanders*, 73 N.H. 345, 346, 61 A. 675, 676 (1905).

The defendant finally alleges that the master erred by excluding evidence attempting to prove that the parties' option contract was conditioned on the defendant's ability to obtain 100% financing for the purchase of the property. The master heard the defendant's evidence on this issue, but then concluded that the evidence was inadmissible. Although we disagree with the master's decision that the parol evidence rule precluded the admission of this evidence, we agree with the master's decision that the defendant failed to meet his burden of proof as to the existence of a financing condition.

■■■ We agree with the trial court that no ambiguity existed in the writing sufficient to justify admission of parol evidence. In the absence of an ambiguity, the plain meaning rule prohibits the admission of parol evidence "that would contradict the plain meaning of the terms of the contract." *Ekco Enterprises, Inc. v. Remi Fortin Constr., Inc.*, 118 N.H. 37, 41, 382 A.2d 368, 371 (1978); *Spectrum Enterprises, Inc. v. Helm Corp.*, 114 N.H. 773, 775, 329 A.2d 144, 146 (1974); *Glaser v. Company*, 93 N.H. 95, 98, 36 A.2d 280, 282 (1944) (quoting *Goodwin v. Goodwin*, 59 N.H. 548, 550 (1880)). *See Royer Foundry & Mach. Co. v. N.H. Grey Iron, Inc.*, 118 N.H. 649, 651, 392 A.2d 145, 147 (1978) (absent ambiguity, extrinsic evidence not admissible to show intent not in writing). Although this court has liberally defined "ambiguity" to include an ambiguity not apparent on the face of the instrument, *see Webster v. Atkinson*, 4 N.H. 21, 23–24 (1827), or an ambiguity not capable of resolution by mere examination of the instrument, *see Spear v. Penna*, 92 N.H. 190, 193, 27 A.2d 92, 94 (1942); *Bell v. Woodward*, 46 N.H. 315, 331–32 (1865), this case does not involve an assertion

of ambiguity. *See Prince v. Insurance Co.*, 86 N.H. 160, 161–62, 164 A. 765, 766 (1933).

■ The trial court failed to consider other aspects of the parol evidence rule. Even absent an ambiguity, parol evidence can be admitted in certain instances to prove the existence of terms or conditions not expressed in the writing. *See Steinfield v. Monadnock Mills*, 81 N.H. 152, 154–55, 123 A. 224, 225–26 (1923) (parol evidence admissible to prove agreement not intended to be integrated in writing). *See, e.g., Prince v. Insurance Co.*, 86 N.H. at 162, 164 A. at 766 (parol evidence admissible to allow reformation); *Webber v. Loranger*, 79 N.H. 3, 5, 103 A. 1050, 1050 (1918) (parol evidence to prove collateral agreement admissible); *Quimby v. Stebbins*, 55 N.H. 420, 422 (1875) (Smith, J.) (parol evidence admissible to show independent agreement). *Cf. Badr Export and Import, Inc. v. Groveton Papers Co.*, 122 N.H. at 103, 441 A.2d at 1161 (parol evidence not admissible to supply term essential for satisfying Statute of Frauds).

■ The first step in determining whether parol evidence is admissible is to consider whether the writing is a total integration and completely expresses the agreement of the parties. *See Emery v. Caledonia Sand and Gravel Co.*, 117 N.H. 441, 445, 374 A.2d 929, 932 (1977) (quoting 3 CORBIN ON CONTRACTS § 573, at 357 (1960)); *Lefebvre v. Waldstein*, 101 N.H. 451, 456, 146 A.2d 270, 275 (1958). Even when an integration clause is included in the writing, as in this case, this court will allow the admission of parol evidence to prove that the writing was not a total integration. *See Steinfield v. Monadnock Mills*, 81 N.H. at 153, 123 A. at 225. In *Steinfield*, this court held that the parties' intent to create a total integration can be proved by the circumstances surrounding the writing; "[t]he document alone will not suffice." *Id.*, 123 A. at 225 (quoting 9 WIGMORE, EVIDENCE § 2430 at 98 (Chadbourn rev. 1981)). The integration clause, however, is some evidence that the parties intended the writing to be a total integration. Ultimately, the issue of whether the writing is a total integration is an issue of fact determined by the trier of fact. *See* 3 CORBIN ON CONTRACTS § 573, at 361–62 (1960); *Strakosch v. Connecticut Trust & Safe Deposit Co.*, 96 Conn. 471, 479, 114 A. 660, 663 (1921).

■ If a party proves the absence of a total integration, parol evidence is admissible to prove a term not inconsistent with the writing. *MacLeod v. Chalet Susse Int'l, Inc.*, 119 N.H. 238, 242–43, 401 A.2d 205, 208 (1979); *see Ekco Enterprises, Inc. v. Remi Fortin*

*Constr., Inc.*, 118 N.H. at 41–42, 382 A.2d at 371; *Connell v. Company*, 88 N.H. 316, 317–18, 188 A. 463, 464 (1936).

In the instant case, the parol evidence concerning the financing condition should have been admitted, notwithstanding the possibility that the contract might have been a total integration or that the additional term might have been interpreted as inconsistent with the writing. Exceptions to the parol evidence rule allow the admission of parol evidence even in instances where there is a total integration and a lack of an ambiguity. *See Brooks v. Topperzer*, 122 N.H. 139, 142, 441 A.2d 1177, 1178 (1982) (extrinsic evidence admissible to prove existence of a lost instrument); *Ingaharro v. Blanchette*, 122 N.H. 54, 56, 440 A.2d 445, 446 (1982); (parol evidence admissible to prove misrepresentation); *Colby v. Granite State Realty, Inc.*, 116 N.H. 690, 691–92, 366 A.2d 482, 484 (1976) (quoting *Bergeron v. Dupont*, 116 N.H. 373, 375–76, 359 A.2d 627, 629 (1976)) (parol evidence admissible to prove fraud or misrepresentation); *Baranowski v. Linatsis*, 95 N.H. 55, 57, 57 A.2d 155, 156–57 (1948) (parol evidence admissible to prove fraud in inducement); *Day v. Washburn*, 76 N.H. 203, 205, 81 A. 474, 475 (1911) (parol evidence admissible to show consideration). *See generally* 3 CORBIN ON CONTRACTS § 580, at 431–39 (1960) (fraud, mistake, illegality, and accident can be proved by parol evidence). The proof of a condition precedent is one of those exceptions. *See Atlantic Insurance Co. v. Goodall*, 35 N.H. 328, 337–38 (1857); J. CALAMARI AND J. PERILLO, THE LAW OF CONTRACTS § 42, at 86 (West 1970). For that reason, the defendant's evidence concerning the possibility that the parties' assignment contract was conditioned on his ability to obtain satisfactory financing for the eventual purchase of the property should have been admitted.

After hearing the evidence, the master stated that even if the parol evidence were admissible, the defendant would fail to meet his burden of proof. The burden of persuasion depends on the weight and credibility of the evidence and therefore is an issue for the trier of fact. *See Merchants National Bank of Manchester v. Town of Exeter*, 120 N.H. 157, 160, 412 A.2d 1016, 1017 (1980). Although the defendant produced some evidence that his purchase of the property would not take place unless he obtained 100% financing, the defendant did not prove that his obligation to make payment under the assignment contract was likewise conditioned. We cannot find, therefore, that the master committed reversible error by finding that the parties had not intended their assignment contract to be conditioned on the defendant's ability to obtain

financing. *See Spectrum Enterprises, Inc. v. Helm Corp.*, 114 N.H. at 777, 329 A.2d at 147.

*Affirmed.*

All concurred.