**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

In Case No. 2015-0682, <u>Clearview Software International, Inc. v. Paul R. Kfoury, Sr., Esq.</u>, the court on August 18, 2016, issued the following order:

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Clearview Software International, Inc., appeals an order of the Superior Court (<u>Nicolosi</u>, J.) granting summary judgment to the defendant, Paul R. Kfoury, Sr., Esq., on the plaintiff's action alleging that the defendant had committed legal malpractice between 2006 and 2009. We affirm.

The relevant facts follow. The plaintiff brought its legal malpractice claim against the defendant in January 2015. The plaintiff's complaint alleged that the defendant had negligently drafted a settlement agreement that barred the plaintiff from asserting a cause of action against another party. When the defendant represented the plaintiff, he was a partner and shareholder at the law firm of Wiggin & Nourie, P.A. (Wiggin & Nourie). The defendant ceased to be affiliated with Wiggin & Nourie in April 2010.

On September 10, 2010, the plaintiff's counsel sent a letter addressed to the defendant at Wiggin & Nourie, notifying him of the plaintiff's potential negligence claim against him. On August 1, 2013, the plaintiff entered into a tolling agreement with Wiggin & Nourie, tolling for one year the statute of limitations for any claims that the plaintiff had against Wiggin & Nourie. That agreement provided, in pertinent part, as follows: "This Tolling Agreement . . . is made . . . by and between **Clearview Software International, Inc.** (hereinafter referred to as the 'Claimant') and **Wiggin & Nourie, PA** (hereinafter referred to as the 'Defendant'). The Claimant and the Defendant are collectively referred to as the 'Parties.'" The tolling agreement was signed by L. Jonathan Ross on behalf of Wiggin & Nourie as its "President."

On June 25, 2014, the plaintiff and Wiggin & Nourie agreed to extend the tolling agreement until February 1, 2016. Ross signed the extension on Wiggin & Nourie's behalf as its "President."

In May 2015, the defendant filed a motion for summary judgment alleging that the plaintiff's January 2015 action against him was time-barred because it had been commenced more than four years after the plaintiff's cause of action accrued. The defendant asserted that the tolling agreement "was between the plaintiff and Wiggin & Nourie, P.A." and was not between the

plaintiff and the law firm's shareholders.  The defendant further asserted that when the parties entered into the tolling agreement, he was no longer affiliated with Wiggin & Nourie.

The plaintiff filed an objection to the defendant's summary judgment motion, which was not accompanied by an affidavit based upon personal knowledge or an affidavit "showing specifically and clearly reasonable grounds for believing that contradictory evidence can be presented at a trial but cannot be furnished by affidavits."  RSA 491:8-a, II (2010).  In addition to the tolling agreement and extension thereto, the plaintiff appended to his objection: numerous e-mail messages; an insurance policy; and a one-page excerpt from the defendant's deposition in which he testified that "[Russell Hilliard] is representing Wiggin & Nourie . . . which includes me."  See RSA 491:8-a, III (2010).  The defendant filed a reply to the plaintiff's objection in which the defendant argued that the objection did not comply with RSA 491:8-a (2010) because it "is not supported by any contradictory affidavit."  The plaintiff filed a response to the defendant's reply, but the response was not accompanied by an affidavit.

In its September 2015 order granting summary judgment to the defendant, the trial court did not address the defendant's assertion that the plaintiff's objection failed to comply with RSA 491:8-a.  Instead, the trial court relied upon the plain language of the tolling agreement, which the court determined "does not include [the] defendant as a party bound by its terms."  The court concluded that the agreement was "clear and unambiguous on its face," such that "[a]n ordinary reasonable person reading the [a]greement would understand the term 'parties' to refer to Clearview Software International, Inc. and Wiggin & Nourie, PA."  The plaintiff unsuccessfully moved for reconsideration, and this appeal followed.  Although the tolling agreement did not expire until February 2016, the plaintiff never filed a malpractice claim against Wiggin & Nourie.

On appeal, the plaintiff first argues that the trial court erred by finding the agreement to be unambiguous, by failing to consider the context in which the tolling agreement was negotiated and signed, and by failing to ascertain the intent of the parties in negotiating it.  Relying upon cases from other jurisdictions, it asserts that "[t]he parol evidence rule does not come into play until the court first determines the intent of the parties," which, he contends, requires considering "the intent of the parties as to the meaning of the [tolling] agreement."  (Bolding omitted.)  See Garden State Plaza Corp. v. S. S. Kresge Co., 189 A.2d 448, 454 (N.J. Super. Ct. App. Div. 1963); Prichard v. Clay, 780 P.2d 359, 362 (Alaska 1989).  But see R. Lord, Williston on Contracts § 33:4, at 575-76 (4th ed. 1999) (explaining that under reasoning similar to that of the plaintiff in this case, which has been "adopted by a small but growing and influential minority of courts, the parol evidence rule is all but abolished").

2

The determination of whether contractual language is ambiguous is a question of law entitled to <u>de novo</u> review. <u>Found. for Seacoast Health v. Hosp. Corp. of America</u>, 165 N.H. 168, 172 (2013). The interpretation of unambiguous contractual language is also a question of law, which we review <u>de novo</u>. <u>Id</u>. The language of a contract is ambiguous if the parties to the contract could reasonably disagree as to the meaning of that language. <u>Id</u>. If the agreement's language is ambiguous, it must be determined, under an objective standard, what the parties, as reasonable people, mutually understood the ambiguous language to mean. <u>Id</u>. In applying this standard, a court should examine the contract as a whole, the circumstances surrounding its execution, and the object intended by the agreement, keeping in mind the goal of giving effect to the intentions of the parties. <u>Id</u>.

We conclude that the trial court in this case did not err when it found that "the term 'parties'" in the tolling agreement unambiguously referred "to Clearview Software International, Inc. and Wiggin & Nourie, PA" and that "the plain language of the [tolling agreement] does not include [the] defendant as a party bound by its terms." Because of the lack of ambiguity here, we also conclude that the trial court did not err by failing to consider the "circumstances" upon which the plaintiff relies. <u>See id</u>. When, as in this case, the agreement's language is unambiguous, "the parties' intent will be determined from the plain meaning of the language used in the agreement." <u>Behrens v. S.P. Constr. Co.</u>, 153 N.H. 498, 503 (2006).

The plaintiff also argues that, because that evidence demonstrated that the tolling agreement was not a totally integrated agreement, the trial court erred by not considering the plaintiff's extrinsic evidence. We need not decide whether the tolling agreement was a totally integrated agreement because, even if it were, extrinsic evidence would have been "admissible only to prove <u>unexpressed</u> terms that [were] <u>not inconsistent</u>" with it. <u>Richey v. Leighton</u>, 137 N.H. 661, 664 (1993) (emphases added).

The plaintiff did not offer extrinsic evidence to prove an unexpressed term, but rather to <u>add</u> the defendant as a party to the tolling agreement. Adding a party to the tolling agreement would have directly contradicted the plain meaning of the word "parties" in that agreement. <u>See id</u>.; <u>see also</u> <u>Wallington v. Red-E-Bilt Products, Inc.</u>, No. CA 2423, 1987 WL 4727, at *2 (Ohio Ct. App. Jan. 13, 1987) (explaining that "when the name of the corporation does not appear upon the face of the agreement," extrinsic evidence "is not admissible to add a party who does not appear therein"). Thus, even if the tolling agreement were not totally integrated, the plaintiff's extrinsic evidence would have been inadmissible to add the defendant as a party to the tolling agreement. <u>See</u> <u>Richey</u>, 137 N.H. at 664; <u>see also</u> <u>Royer Foundry & Mach. Co. v. N.H. Grey Iron, Inc.</u>, 118 N.H. 649, 651 (1978) (ruling that the plaintiff could not introduce extrinsic evidence to support its construction of a

clear and unambiguous contract clause because its evidence did "not show a meaning of the writing, but an intent wholly unexpressed in the writing").

The plaintiff next asserts that the trial court erred by failing to exercise its discretion to consider arguments that were raised for the first time in the plaintiff's motion to reconsider. We will uphold a trial court's decision on a motion for reconsideration absent an unsustainable exercise of discretion. Broom v. Continental Cas. Co., 152 N.H. 749, 752 (2005). The plaintiff contends that even if "the Motion to Reconsider raised arguments not previously set out in pleadings," that did "not prevent the trial court from considering those arguments." We agree with this statement; however, it is equally true that the trial court was not required to consider any arguments raised for the first time in a motion for reconsideration. As the plaintiff has not persuaded us that the trial court unsustainably exercised its discretion by declining to consider arguments raised for the first time in a motion to reconsider, we uphold that decision. See Mt. Valley Mall Assocs. v. Municipality of Conway, 144 N.H. 642, 654-55 (2000); see also Webster v. Town of Candia, 146 N.H. 430, 445 (2001).

Affirmed.

DALIANIS, C.J., and CONBOY and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**